Anna C. Anderberg, Individually and as Administratrix of the Estate of William O. Anderberg, Deceased, Plaintiff, *v.* Metropolitan Life Insurance Company, Defendant.

First Department, November 2, 1945.

*Alfred L. Weiss* for plaintiff.

*Rowland H. Long* of counsel (*Tanner, Sillcocks & Friend,* attorneys), for defendant.

GLENNON, J.   This is a submission of a controversy upon an agreed statement of facts pursuant to sections 546–548 of the Civil Practice Act in which we are asked to determine whether the defendant is obligated to pay an accidental death benefit of $2,000.

On January 24, 1929, the defendant issued a $2,000 fifteen-year endowment insurance policy on the life of William O. Anderberg.   By the terms of the policy the defendant, upon surrender of the policy, promised to pay $2,000 " to the Insured if living on the 24th day of January 1944, or to Ida Anderberg Mother Beneficiary, upon receipt of due proof of the prior death of the Insured."   A supplementary contract which was attached to and made a part of the policy provided for the payment to the beneficiary of an additional $2,000 in the event of the death of the insured from accidental means, with the conditions, among other things, " that such death shall have occurred while said policy and this Supplementary Contract are in full force   *   *   * " and " that death shall have ensued within ninety days from the date of such injuries."

On or about January 24, 1943, the fifteenth and final premium due under the terms of the policy and supplementary contract was paid.   Pursuant to the reserved right to change the beneficiary, the insured on May 3, 1943, designated his sister Anna C. Anderberg as beneficiary.   Thereafter on January 8, 1944, through accidental means the insured sustained extensive fourth degree burns to his lower extremities causing his death on February 8, 1944.

In the meantime, on January 24, 1944, the policy matured as an endowment for $2,000 but the proceeds were not paid because of the failure on the part of the insured to surrender the policy. After the death of William O. Anderberg the defendant paid the endowment value to Anna C. Anderberg as the administratrix of his estate.   Payment was made and received without prejudice to the rights of the parties.

Plaintiff claims that either individually as the designated beneficiary, or in her representative capacity as the administratrix of the estate of the insured, she is entitled to recover of the defendant the sum of $2,000 as an accidental death benefit under the terms of the policy and supplementary contract.

The accidental death benefit provided for by the supplementary contract was dependent upon the continuance in force of the insurance provisions of the policy in contradistinction to the endowment provisions. It was made payable to the beneficiary " in addition " to the amount payable under the policy. If no death benefit accrued under the terms of the policy, none could arise under the supplementary contract even though death resulted through accidental means. When the policy matured as an endowment, the life insurance risk terminated and the interest of the beneficiary was extinguished. (*Miller* v. *Campbell*, 140 N. Y. 457.) All that remained was an obligation on the part of the defendant to pay $2,000 in accordance with the endowment provisions. The policy was then merely evidence of a debt due and owing the insured and was no longer in force as a policy of insurance. (*McDonnell* v. *Mutual Life Insurance Co.*, 131 App. Div. 643.)

The failure of the insured to surrender the policy on or after maturity did not extend the period of insurance coverage. Nor does the condition " that death shall have ensued within ninety days from the date of such injuries " serve to extend such period. The date of death was made the determining factor, and unless death occurred within the fifteen-year term, no death benefit would become payable under the policy and consequently none could accrue under the supplementary contract.

Judgment should therefore be granted in favor of the defendant, with costs.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

Judgment unanimously granted in favor of defendant, with costs. Settle order on notice. [See 270 App. Div. 753.]