FREDERICK A. SCHLOSS et al., Plaintiffs, *v.* FIDELITY MUTUAL LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, New York County, June 21, 1948.

*Nathan, Mannheimer, Asche & Winer* for plaintiffs.

*Tanner, Sillcocks & Friend* for defendant.

PECORA, J. In this action for declaratory judgment plaintiffs have moved for judgment on the pleadings under rule 112 of the Rules of Civil Practice. The undisputed and admitted facts present solely a question of law regarding the construction of two insurance policies, which are identical in terms although different in amount. Plaintiffs are husband and wife. The husband in 1919 obtained two policies of life insurance from defendant. These policies matured on November 25, 1947. On November 15, 1947, the insured wrote to defendant, seeking to exercise option 1 in the policy which provides for leaving the proceeds of the policy with the company at interest. The insured claims he acted under section 5 of the policies, which reads:

" Optional Modes of Settlement.

" If this policy be not assigned, the insured, or in case the insured shall not have done so, the beneficiary after the insured's death may, by written notice to the company at its Head Office, make the proceeds of this policy payable to the beneficiary under one of the options set forth on the fourth page hereof instead of one sum * * *."

Plaintiffs contend that under the provisions of section 5, the husband had the right to make the proceeds of the policies payable on maturity to his wife as the named beneficiary under option 1 on the fourth page of the policy. Option 1 provides: " Proceeds Left at Interest. The proceeds of this policy, or any part thereof, may be left with the Company subject to withdrawal in whole or in part at any time on demand in sums not less than one hundred dollars. The Company shall pay interest annually on the part so left with it at such rate as it may each year declare thereon, not less, however, than $3\frac{1}{2}\%$ per annum * * *."

Immediately preceding the last of options on page four of the policies is the following:

" Optional Modes Of Settlement (Referred to in Section 5).

"If notified in writing as provided in Section 5 hereof, the Company shall issue, upon receipt of due proof of insured's death, in exchange for this policy, a certificate evidencing the rights and benefits of the beneficiary under one of the following options ".

In construing the contracts of insurance herein every part of the policies should be considered in arriving at a proper interpretation. Plaintiffs do not challenge the assertion of defendant that a beneficiary under an endowment policy loses her interest on its maturity, for at such time the insurance

ceases to be in force (*Travelers' Ins. Co.* v. *Healey,* 25 App. Div. 53, affd. 164 N. Y. 607; *Miller* v. *Campbell,* 140 N. Y. 457). In *Anderberg* v. *Metropolitan Life Ins. Co.* (269 App. Div. 640, 642) the court said: "When the policy matured as an endowment, the life insurance risk terminated and the interest of the beneficiary was extinguished. * * * The policy was then merely evidence of a debt due and owing the insured and was no longer in force as a policy of insurance. (*McDonnell* v. *Mutual Life Insurance Co.,* 131 App. Div. 643.)"

Plaintiffs maintain that these rules have no application here because of the provisions of section 5 of the policies. However, the provisions of the policies clearly show that the optional modes of settlement are available only if the proceeds are payable to the beneficiary as a death claim. The defendant agreed to pay the beneficiary the face amount of the policy "upon receipt, at its Head Office, of this policy duly discharged and of due proof of the death of the insured, while this policy is in force, prior to date of maturity above mentioned." Thus, in order for the beneficiary to receive the amount of the policy, the policy must first be "in force". A matured policy is not "in force". Once the policy matured, there was no longer any risk and the company would then be obligated to pay the debt to the insured and not to the beneficiary.

As I read section 5 of the policies, if death occurred before maturity, the beneficiary would not necessarily have to take the face amount in a lump sum. Instead, either the insured during his lifetime or the beneficiary after the death of the insured, before maturity of the policy, would have the option to elect to have the proceeds paid under one of the options on page four. The only way in which the beneficiary could receive the proceeds in a lump sum or pursuant to the options on page four would be if the insured died before maturity of the policy. Since he did not die before maturity date, his wife could no longer be any beneficiary under the policy and no option could be exercised on her behalf.

Consequently, the motion for judgment on the pleadings is granted and declaratory judgment will be given in accordance with the prayer contained in the answer of defendant. No costs. Settle judgment accordingly.