Albert H. Buschmann, J.
In this action to recover under a fire insurance policy, defendant ITM Ltd. (hereinafter referred to as "ITM”), moves to strike the answer, to its cross claim against defendants Safeco Insurance Company of America and General Insurance Company of America (hereinafter referred to as "the carriers”), and for summary judgment on its cross claim.
Movant sold two pieces of machinery, on which there is still an unpaid balance, to plaintiff City-Wide Knitwear Processing Co. Inc. (hereinafter referred to as "City-Wide”), and delivered the machinery to City-Wide’s place of business. On April 5, 1972 those premises and the machinery sold by ITM were completely destroyed by fire. The security agreements between ITM and City-Wide provide that City-Wide was to keep the machinery insured against loss by fire, and, pursuant to that agreement, ITM was named as a secured party on the fire insurance policy issued to City-Wide by the defendant carriers.
City-Wide instituted this action to recover under the policy, naming ITM and other mortgagees and secured parties as defendants. ITM cross-claimed to recover under the policy against the defendant carriers. In answer to plaintiff’s claim *979 and defendants’ cross claim, the carriers allege that City-Wide has breached its contract of insurance through acts of fraud and arson and that by reason thereof ITM cannot recover.
The dispositive issue on this motion is whether or not ITM is subject to the defenses asserted against City-Wide.
An indorsement to the policy reads as follows:
"(a) The policy is amended as follows: Mortgagee clause amended as follows: As respects the building: LawrenceCedarhurst Federal Savings & Loan Association 125 Cedarhurst Ave., Cedarhurst, N.Y. As 1st mortgagee A.I.M.A. As chattel mortgagee: ITM,Ltd. 234 Varet Street Brooklyn, N.Y. 11206 A.I.M.A.”'
The mortgagee clause referred to in this indorsement provides: "Applicable to buildings only (this entire clause is void unless name of mortgagee (or trustee) is inserted in the Declarations): Loss, if any, under this policy, shall be payable to the mortgagee (or trustee), named on the first page of this policy, as interest may appear under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee (or trustee) in order of precedence of said mortgages, and this insurance as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property”.
The mortgagee is covered under this clause, regardless of the acts of the owner of the property. (See Savarese v Ohio Farmers Ins. Co., 260 NY 45.) The defendant carriers contend, however, that since this mortgagee clause applies by its terms to "buildings only”, it affords no protection to ITM as a party having a secured interest in chattels. This contention is refuted by several rules utilized in the construction of insurance contracts. The reference to ITM on the indorsement is typewritten and therefore that reference takes precedence over the "buildings only” limitation printed in the mortgage clause. (Kratzenstein v Western Assur. Co., 116 NY 54; Heyn v New York Life Ins. Co., 192 NY 1, mot to rearg den 192 NY 565.) Moreover, a contract of insurance should be construed to give effect to every word and expression therein (Kratzenstein v Western Assur. Co., supra), and the reference in the indorsement to an amendment of the mortgage clause can only mean that the parties intended the mortgage clause to apply to ITM as a secured party, despite the "buildings only” limitation.
Accordingly, the court holds that ITM is not subject to the *980 defenses asserted against City-Wide; the motion for summary judgment is granted, and the ITM cross claim against the defendant carriers is severed from all other claims asserted in this action.
Settle order and provide therein for an appropriate assessment of damages upon notice to all parties who have appeared in this action.