H. Buswell Roberts, J.
The question presented herein is whether services rendered to plaintiff by two psychiatric social workers at the Psychiatric Clinic, Inc., which is an outpatient facility, are covered under the terms of a Blue Shield contract for "medical benefits”.
It is the position of the defendant that psychiatric services, to be covered, must be personally rendered by a physician, psychiatrist or a duly certified and registered psychologist.
The contract of insurance provides as follows: "Art. II, Benefits Provided
"i. Psychiatric care which means and consists of the following services provided in connection with mental illness when rendered to a member * * * in an Out-Patient Psychiatric Facility * * *
"1. Doctor’s visits for individual psychotherapeutic treatment of a Member’s illness.
"2. Visits by members of a Member’s family to a Doctor for the purpose of counseling * * *
"3. Doctor’s visits for group psychotherapeutic treatment of a Member’s mental illness.
"4. Psychological testing of a Member by a Psychologist when prescribed by a Doctor.
"5. Electroshock therapy, insulin shock therapy and anesthesia in connection therewith.”
In 1971, the Legislature by statute broadened this coverage. The record shows that defendant admits and acknowledges that "To the extent that Sec. 250, Insurance Law broadens the contract, there is no question Blue Shield is bound by it.” It becomes necessary, therefore, to look at subdivision 1 of section 250 of the Insurance Law which provides as follows: "Medical expense indemnity shall consist of reimbursement for * * * psychiatric or psychological services or for the diagnosis and treatment of mental, nervous or emotional disorders and ailments, however defined in the contract of insurance, provided through physicians, psychiatrists or duly certified and registered psychologists.”
It is defendant’s contention that in order that services be covered by the contract of insurance, the service must be *1005 rendered personally and specifically by a physician, a psychiatrist or a duly certified and registered psychologist.
It is well established that a contract of insurance must be construed in its entirety with reference to the subject matter and the nature of the risk involved. All words, parts and provisions of a policy must be construed together as one entire contract and all terms and conditions of each part must be read in the light of all other parts. (29 N.Y. Jur., Insurance, § 601 et seq.)
With that in mind, we must turn, then, to Article I of the contract of insurance entitled "Definitions.” Subdivision 12 thereof provides: " 'Out-Patient Psychiatric Facility’ means a nongovernmental independent unit, or part of such unit, that provides out-patient mental health service and which provides for a psychiatrist who has regularly scheduled hours in the facility and who assumes the overall responsibility for coordinating the care of all patients. The term includes * * * outpatient psychiatric clinics.”
The uncontradicted testimony of William Roberts, Administrative Assistant of Psychiatric Clinic, Inc., is that the director of the clinic is a registered and certified psychologist and that the medical director of the clinic is a psychiatrist and that they are "in charge”. His testimony further states that the direct supervisor of all members of the staff is Dr. Burton Stulberg, a psychiatrist who is ultimately responsible for directing the services to be performed.
Reading both clauses of the contract together, keeping in mind the nature of the risk sought to be insured and mindful of the duty of the court to give a rational and intelligible meaning to both clauses consistent with the general design and object of the whole instrument incorporating the provisions of section 250 of the Insurance Law, it is a reasonable expectation that services rendered in such an outpatient psychiatric facility need not be specifically rendered by a physician, psychiatrist or psychologist, but may be rendered by a staff member of a related discipline under the supervision of the above enumerated professionals.
Moreover, the statute, as enacted, states that such psychiatric or psychological services shall be reimbursed when provided "through” the enumerated professionals. The Legislature, if it chose, could have used the word "by” which would have identified absolutely limited categories. However, in choosing to say "through”, it appears that it intended to *1006 include persons in related disciplines or paramedics working under and through the supervision of the enumerated professionals.
Finally, while public policy as stated in the Mental Hygiene Law is not binding upon the Insurance Law, it may nonetheless give guidance on the over-all views and intentions of the Legislature in the entire field of mental health. That policy is contained in section 1.03 of the Mental Hygiene Law (Policy): "The protection and promotion of the mental health of the people of the state and the prevention of mental illness * * * are matters of public concern * * * In developing plans, programs, and services [for the treatment and prevention of mental illness] the important therapeutic role of all disciplines involved with the care or treatment of the mentally disabled, such as psychology, social work, psychiatric nursing, special education and other disciplines in the field of mental disability, as well as psychiatry, shall be recognized.”
In view of all the foregoing, it is my opinion that the services rendered to the plaintiff herein by the psychiatric social workers of the Psychiatric Clinic, Inc., are reimbursable under the terms of the contract of insurance herein.
Judgment is hereby rendered in favor of the plaintiff and against the defendant in the amount of $480 with costs.