Felice K. Shea, J.
In this Small Claims Court action, claimant has brought suit for $1,000 against defendant insurer on a policy denominated "Yacht Policy (All Risks)”. The parties have agreed that claimant is the owner of a 17-foot-long fiberglass pleasure boat, that claimant’s 85-horsepower motor was stolen, and that the reasonable value of the motor is $1,000. The issues before the court are (1) whether theft is a *337 peril insured against by the contract of insurance between the parties, and (2) whether theft of claimant’s motor is a loss for which recovery is excluded by the machinery damage exclusion clause in the policy.
In claimant’s policy, theft is neither excluded as a covered risk, nor is it included specifically among the risks covered. "Perils Insured” under the policy are defined as: "(1) All risks of physical loss or damage to the property covered from any external cause”.[1] Is theft a risk insured against under the above language in a policy sold to the owner of a small pleasure boat where, as here, it is not specifically excluded elsewhere in the policy?
In what appears to be the only New York case which has passed upon the question of whether theft coverage was included in an "all risk” marine policy,[2] the Supreme Court held in 1930 that loss of a tugboat by theft was not a "risk of the harbor” within a policy which insured against "all risks, perils or dangers of the Seas, Bays, Harbors, Rivers and Fires”. (Britannia Shipping Corp. v Globe & Rutgers Fire Ins. Co., 138 Misc 38, 39, affd 232 App Div 801.) Unlike the Britannia case, however, where the term "all risks” was qualified by the phrase "of the Seas, Bays, Harbors, Rivers and Fires”, the policy in the present case covers all risks "from any external causes”. Further, the Britannia case is not controlling because the policy here, although called a "Yacht” policy, is not in any true sense a policy of marine insurance. It is not a policy taken out by a commercial shipowner to insure against loss or damage to cargoes. (See 4 Appleman, Insurance Law and Practice, § 2101.) In the Britannia case, the plaintiff was a shipping company, whereas the claimant here is the owner of a small pleasure boat. An "all risk” policy available to small boat owners cannot be read in the context of policies of insurance covering commercial marine vessels. (See Stecker v American Home Fire Assur. Co., 299 NY 1; Fantozzi v Security Mut. Ins. Co., 247 App Div 686, 688.)
The broad language of the "all risk” clause of the instant policy, and the subject matter insured, bring the policy within the ambit of the law governing "all risk” insurance issued to *338 cover personal property from hazard, notwithstanding that the policy contains standard marine policy clauses as well.[3]
An "all risk” policy has been defined as one which "provides coverage * * * against any loss without putting upon the insured the burden of establishing that the loss was due to a peril falling within the policy’s coverage. Although there may be exceptions to such coverage * * * it is incumbent upon the underwriter to demonstrate that the exception applies.” (Redna Marine Corp. v Poland, 46 FED 81, 86; Goix v Knox, 1 Johns Cas 337, 340; Jewelers Mut. Ins. Co. v Balogh, 272 F2d 889; Chase Rand Corp. v Central Ins. Co., 63 F Supp 626, affd 152 F2d 963; see Ann 88 ALE2d 1122, 1124.)
The precise question of whether a broad "all risk” clause encompasses theft appears to be one of first impression in this State. However, in at least three other jurisdictions, language substantially identical to that of the present policy has been construed to cover theft. (Imperial Ins. Co. v Ellington, 498 SW2d 368 [Tex]; Gottesfeld v Mechanics & Traders Ins. Co., 196 Pa Super 109; Advance Piece Dye Works v Travelers Ind. Co., 64 NJ Super 405.)
It is clear, and this court holds, that a small boat owner who takes out an "all risk” policy which does not exclude theft has a right to assume he has purchased coverage for loss by theft.
The insurer, in disclaiming liability for the theft of claimant’s motor, relies primarily on the machinery damage exclusion clause in the policy, which provides that the insurer is "Not liable for loss of or damage to any rudder, propeller, strut, shaft or machinery, inside or outside the vessel, unless caused by burning, collision with another vessel, or sinking resulting from a peril insured against”. Does this clause deny coverage to claimant for loss by theft of his motor?
No New York case has been found which has construed language similar to the machinery damage exclusion clause (supra) but in American Shops v Reliance Ins. Co. (22 NJ Super 564) a New Jersey court considered a clause almost identical to the one herein. The New Jersey court rejected the defendant insurance company’s contention that the word "machinery” embraced all the mechanical equipment on the boat. It held that the doctrine of ejusdem generis compelled a *339 construction (p 566) "limited to the same kind of machinery as 'rudder, propeller or shaft’, viz., underwater machinery. Obviously this would not include the engine”. The court’s reasoning, applicable here, was that if the exclusionary clause were construed to include the motor, then the words "rudder, propeller or shaft” would have no significance since they are encompassed by the word "machinery”. Such a construction would violate the established principle that every word in an insurance contract is deemed to have meaning, and each word is to be given effect if possible. (Theatre Guild Prods. v Insurance Corp. of Ireland, 25 AD2d 109, affd 19 NY2d 656; City-Wide Knitwear Processing Co. v Safeco Ins. Co., 80 Misc 2d 978, affd 44 AD2d 689, affd 36 NY2d 717.)
In any case, the machinery damage exclusion clause must be read together with the rest of the policy. (Schloss v Fidelity Mut. Life Ins. Co., 193 Misc 121, affd 274 App Div 924; Malican v Blue Shield, 80 Misc 2d 1003.) At the very top of the policy is the statement, "In consideration of the premium charged, this company insures Sam H. Tuchman * * * Upon the 17 Ft. Fiberglass 'Crestliner’ Cruiser * * * 85 H.P. Mercury”. Under section "A”, "Property Covered” is listed as: "Hull, Spars, Sails, Tackle, Apparel, Machinery, Boats, and other Furniture of and in the yacht hereby insured”. (Emphasis added.) Further down, under section "A” appears "Other Insurance: — Warranted by the Insured that there will be no other insurance on the Hull or Machinery(Emphasis added.)
By specifying the 85-horsepower Mercury motor as property for which the premium is paid, and by listing "machinery” among the property covered by the policy, it is fair to assume that the parties intended to provide coverage for claimant’s motor. It is logical also to infer from the prohibition against other insurance on the machinery that coverage was intended to be complete. The court recognizes the improbability that the insured would intend or consciously make an agreement unfair to himself.
It must be concluded that the exclusionary clause relied upon by defendant is ambiguous, and that the policy as a whole supports the interpretation urged by claimant. The policyholder is entitled, under well-settled principles of law, to have all ambiguities resolved in his favor and against the insurer. (Lipton v Liberty Mut. Ins. Co., 34 NY2d 356; Silver-stein v Commercial Cas. Ins. Co., 237 NY 391; Appleton v Merchants Mut. Ins. Co., 16 AD2d 361.) Where ambiguity *340 exists in one clause, the entire contract should be construed against the insurer whose experts selected the language of the policy. (Sassi v Jersey Trucking Serv., 283 App Div 73, 76.) Particularly when there is a question as to coverage limitations, the insurer must assume the burden of establishing "that the words and expressions used not only are susceptible of the construction sought by defendant [insurance company] but that it is the only construction which may fairly be placed on them.” (Lachs v Fidelity & Cas. Co. of N. Y., 306 NY 357, 365; Sincoff v Liberty Mut. Fire Ins. Co., 11 NY2d 386, 390; Hartol Prod. Corp. v Prudential Ins. Co., 290 NY 44, 49.)
Here, the defendant’s policy fails to meet the standards of clarity and notice of noncoverage to the policyholder which the law imposes. It cannot be said that theft of claimant’s motor is not a loss insured against.
Judgment for claimant.

. Loss or damage caused by explosions, bursting of boilers, breakage of shafts, latent defects in machinery or hull, and negligence, is covered in paragraph (2).

. The question of when the term "all other like perils” in marine insurance policies covers theft is considered in Ann 19 ALR3d 1150, 1153 together with the quaint distinctions between "thieves” and “assailing thieves”.

. For a history of how marine insurance evolved into "inland” marine and 'floater” insurance see 4 Appleman, Insurance Law and Practice, § 2104.