OPINION OF THE COURT

Per Curiam.

The defendant, Martin Shepard, was originally charged in the Justice Court of the Town of Southampton with the crime of criminal possession of a controlled substance in the sixth degree (Penal Law, § 220.06, subd 3), a class D felony. It was alleged that he had in his possession at his home in Sagaponack, New York, nine marihuana plants. The charge was subsequently reduced to criminal possession of a controlled substance in the seventh degree (Penal Law, § 220.03) a class A misdemeanor.
The defendant moved to dismiss the charge on the ground that section 220.03 of the Penal Law, as applied to him, violated his right to privacy. He contended that marihuana is a harmless substance and, therefore, the State of New York had no legitimate interest in prohibiting its private use or possession.
After conceding possession of the marihuana plants the defendant requested and was granted an evidentiary hearing at which he offered and had admitted into evidence books and reports which purported to support his position that the use of marihuana did not pose a danger to the public health, safety or welfare. In addition, and appended to defendant’s motion for dismissal, were affidavits of responsible medical authorities stating that there was no significant harm nor health danger to the user of marihuana, no psychological or physiological impairment, no causal connection between marihuana and the commission of violent acts, that an overdose death was impossible, that use of marihuana was less harmful than many other drugs and commonly used substances and that there was no justification for criminal treatment of the marihuana user. These medical and psychological assessments of the effects of marihuana usage were affirmed in the testimony of Dr. Norman E. Zinberg, clinical professor of psychiatry at Harvard Medical School.
The District Attorney responded by submitting a series of medical and scientific reports which purported to show that marihuana does, in fact, produce harmful effects upon the human body including damage to brain cells resulting in *644 cerebral atrophy, genetic and developmental damage, and impairment of lung function. The District Attorney also argued that since marihuana constitutes a serious health hazard to the public, its use and possession may be prohibited by the State.
In a memorandum decision, the trial court denied defendant’s motion to dismiss and held that defendant had failed to overcome the presumption of constitutionality that attaches to all legislative enactments. Based on the stipulated facts, the court found defendant guilty of criminal possession of a controlled substance in the seventh degree and sentenced him to pay a fine of $100. The Appellate Term affirmed.
On this appeal the defendant does not question those laws which prohibit the trafficking, distribution or sale of marihuana or the power of the State to control possession in quantity sufficient to indicate an intent to distribute. Instead his prime contention is that the State cannot constitutionally criminalize the possession and cultivation of personal use quantities of marihuana within the privacy of the home.
Fundamental to this argument is the defendant’s premise that we should not accept the bases underlying section 220.03 of the Penal Law. Rather, the defendant urges, we should determine upon this record whether the intrusion sanctioned by the Legislature is justified, under applicable standards of constitutional law considering the activity sought to be prohibited. He urges that the State should not be permitted to stop a person from using and possessing marihuana in the sanctity and constitutionally protected privacy of the home.
It is true, as the defendant contends, that the court has an historic role in defining the constitutional rights of individuals and the limitations which must be placed on government powers. So the government has been prevented from interfering with an individual’s decision about whom to marry (Loving v Virginia, 388 US 1), or matters concerned with how an individual should educate his children (Pierce v Society of Sisters, 268 US 510), or matters concerning procreation (Skinner v Oklahoma, 316 US 535), or contraception (Eisenstadt v Baird, 405 US 438), or family relationships (Prince v Massachusetts, 321 US 158). Similarly the "liberty” clause of the Fourteenth Amendment has been used to strike down State legislation which invaded the "zone of privacy” surrounding the marriage relationship (Griswold v Connecticut, 381 US 479).
*645 More recently the Supreme Court confronted a challenge to the constitutionality of a Georgia statute when applied to private possession of obscenity in the home (Stanley v Georgia, 394 US 557). There the court held that although obscenity itself is not within the area embraced by the First Amendment, nevertheless its possession in the privacy of a person’s own home adds an additional dimension to the reach of constitutional protection. In striking down the Georgia statute the court expressed particular concern for the need to protect an individual "from unwanted governmental intrusion into one’s privacy” (id., at p 564).
But even with its recognition of the particular deference to be accorded the privacy of the home the Stanley court was careful to add a footnote stating that its decision "in no way infringes upon the power of the State or Federal Government to make possession of other items, such as narcotics, firearms or stolen goods, a crime” (id., at p 568, n 11).
While conceding the State’s right to make possession of narcotics a crime, even to the extent of intruding into the home for purposes of enforcement, the defendant contends that there can be no sufficient State interest in maintaining section 220.03 of the Penal Law as it pertains to the private possession of marihuana which is not a narcotic drug. He asserts that in light of the evidence as to the harmless effects of marihuana, the State has no interest in proscribing its private possession.
It is true that there is disagreement regarding the effects of marihuana. Indeed, there may be some members of this court who believe, based on available scientific evidence and on the need to assess priorities and conserve the resources and integrity of the criminal justice system, that the private possession of marihuana should be decriminalized for personal use. The Legislature may well, in the near future, consider its use for medicinal reasons. However, the statute now before us represents the current and considered judgment of an elected Legislature acting on behalf of the people of this State. Empirical data concerning the vices and virtues of marihuana for general use is far from conclusive. Time and further study may prove the Legislature wrong, but the Legislature has the right to be wrong. The enactment of legislation, particularly in areas of legitimate controversy, is the business of the Legislature.
It is the business of the court to apply the law, and while we *646 have the power, we clearly lack the right to substitute our own sense of what is a dangerous substance for the considered judgment of the Legislature. Nothing would be more inappropriate than for us to prematurely remove marihuana from the Legislature’s consideration by classifying its personal possession as a constitutionally protected right. The sphere within which we may properly declare, a legislative act unconstitutional is extremely limited and clearly does not encompass this case. "The judge, even when he is free, is still not wholly free. He is not to innovate at pleasure. He is not a knight-errant roaming at will in pursuit of his own ideal of beauty or of goodness” (Selected Writings, Cardozo, Nature of the Judicial Process, at p 164).
The order of the Appellate Term should be affirmed.