■ John Mifsudo, Respondent-Appellant, v Mutual of Omaha Insurance Company, Appellant-Respondent — In an action to recover proceeds on an insurance policy, defendant appeals from so much of an order of the Supreme Court, Kings County (Jordan, J.), dated February 8, 1983, as denied its motion for summary judgment dismissing the complaint, and plaintiff cross-appeals from so much of the same order as denied his cross motion for summary judgment in his favor. ¶ Order modified, on the law, by deleting the provision denying defendant's motion for summary judgment and substituting therefor a provision granting said motion, and dismissing the complaint. As so modified, order affirmed, with costs to defendant. ¶ According to plaintiff, on the

morning of June 25, 1975, he exited from a taxi and entered the revolving doors of the Pan Am building located at 45th Street and Park Avenue in midtown Manhattan, on his way to pick up an airplane ticket to fly to Australia via Los Angeles. At the same time, another person entered the doors from inside the building and pushed, hitting the door against plaintiff's left shoulder, and causing plaintiff to suffer excruciating pain from the impact. As a result, the upper third of the humerus bone was detached from his shoulder. Upon examining plaintiff, a physician for defendant found that the left upper extremity was free floating and could be rotated 360 degrees. ¶ Subsequently, plaintiff commenced this action against defendant for failure to pay on an insurance policy issued by defendant which was in effect at the time. According to this insurance policy covering accidental death and dismemberment, to be entitled to recovery, plaintiff's injuries had to be incurred on a scheduled airline, at an airport premises, or on a common carrier. Plaintiff claims the injuries sustained while standing in the revolving doors to the Pan Am building are covered by the policy because the Pan Am building qualifies as an airport premises and the injuries were received before boarding an aircraft. The pertinent provision in the insurance policy provides: "AIRPORT PREMISES; AIRPORT BUS AND LIMOUSINE SERVICE. Injuries received while upon any airport premises immediately before boarding, or immediately after alighting from, an aircraft on which the Insured is covered by this policy; or injuries received while riding as a passenger in an airport bus or limousine provided, or arranged for, by an airline or the airport authority, but only (a) when going to, or after being at, an airport for the purpose of boarding an aircraft which the Insured is covered by this policy, or (b) when leaving an airport after alighting from such an aircraft". ¶ The terms of this policy are clear and unambiguous. Therefore "the construction of the policy presents questions of law to be determined by the court" (*Dubay v Trans-American Ins. Co.,* 75 AD2d 312, 316). Further, " 'an intention not expressed or legitimately to be implied from the language used [in this policy] when construed in the light of the surrounding circumstances' " should not be read into the policy (*Walters v Great Amer. Ind. Co.,* 12 NY2d 967, 969, quoting from *Central Union Trust Co. v Trimble,* 255 NY 88, 93). The clear intent of the policy is evident from the plain meaning of the language. A building that has airline offices selling airplane tickets would not, absent other features, constitute an airport premises, even if a heliport on the roof of the building is then operable. Further, plaintiff does not claim that immediately after buying his ticket he would be boarding an airplane as required by the policy. Plaintiff argues that the word "immediately" should be construed elastically. His interpretation is not consistent with the plain meaning of the provision. Therefore, we find, as a matter of law, that plaintiff was not at an airport premises, as defined by the policy, when he was allegedly injured. Accordingly, defendant's motion for summary judgment should be granted and the complaint dismissed. We further note that we need not reach the issue of whether plaintiff's injuries would have been covered under the "loss of limb" provision of the insurance policy. Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.