SHARON BRETTON, Respondent, v MUTUAL OF OMAHA INSURANCE COMPANY, Appellant.

First Department, August 15, 1985

**APPEARANCES OF COUNSEL**

*Anthony J. Mercorella* of counsel (*William D. Hand* and *Barry J. Gainey* with him on the brief; *Wilson, Elser, Edelman & Dicker,* attorneys), for appellant.

*Gerald J. Mondora* for respondent.

**OPINION OF THE COURT**

SULLIVAN, J.

Mutual of Omaha issued plaintiff an accident policy in the principal amount of $100,000, with additional medical benefits of $5,000, insuring her "against certain specified losses resulting * * * from accidental bodily injuries * * * received in the manner specified in any section of Part A". Among the injuries covered under Part A, which lists in five separate categories the manner in which the injury must occur to be covered, were those received while a passenger on a scheduled airline, while upon airport premises or in an airport bus or limousine, while riding as a passenger in a common carrier or while driving or riding in an automobile. Part B of the policy provides that when a covered injury results in one of the specified losses listed therein — life, limb or sight — Mutual of Omaha is obligated to pay the insured a corresponding fixed amount, ranging from one quarter of the principal sum to the principal sum itself. Part C, designated as medical expense benefits, provides for reimbursement of medical expenses actually incurred up to $5,000 for the treatment of any covered injury.

On August 11, 1977, plaintiff, en route to a business appointment after having landed at a Hong Kong airport, was injured when the taxicab in which she was a passenger stopped suddenly. She was treated by a local doctor and thereafter, upon her return to the United States, by various other doctors for an "exploded cervical disc." On September 26, 1977, plaintiff underwent surgery at New York Hospital for a damaged intervertebral cervical disc.

Mutual of Omaha refused to make any indemnity payment for plaintiff's injuries, other than to reimburse her for her medical expenses up to $5,000, on the ground that its policy, except for the medical expense benefit provision, affords coverage only for loss of life, limb or sight. Plaintiff thereafter commenced this action, seeking recovery for all of her medical expenses and the pain and suffering, lost wages, and disability which, she claims, are the result of the injuries she sustained in the taxicab accident.

At the trial, and before the jury was sworn, Trial Term ruled on the meaning and interpretation of the policy, construing it to cover injuries of any type up to the policy limits, if it be established that the injuries were received as a result of one of the covered risks listed in Part A of the policy. The court, over Mutual of Omaha's objections, received proof of a cervical intervertebral disc injury, pain and suffering, disability and its extent and duration; loss of time from employment, and medical and hospital expenses in excess of $5,000. After the court charged it in regard to its construction of the policy the jury rendered a verdict in plaintiff's favor of $100,000 for personal injuries and $5,000 for medical expenses upon which interest, totaling $47,250, was awarded from the date of submission of the claim. This appeal followed. We agree with Mutual of Omaha that, except for the medical expense benefit provision, which has a limit of $5,000, it is obligated to pay indemnity only for the specified losses of life, limb or sight, and modify accordingly.

The policy's terms and provisions clearly establish that it is not a general accident insurance policy, but rather a limited accidental death and dismemberment policy (see, Mifsudo v Mutual of Omaha Ins. Co., 100 AD2d 864), affording coverage only for the specified losses of life, limb or sight, and for medical expenses for covered injuries up to $5,000. That the policy is limited in scope is pointedly brought to the insured's attention by the legend "THIS IS A LIMITED POLICY. READ IT CAREFULLY", which is superimposed across the first page in boldface letters.

As a limited coverage policy, it provides insurance only for those specified losses described therein. (*See,* 1A [rev vol] Appleman, Insurance Law and Practice § 354; *op. cit.,* vol 1C [rev vol] § 702.)

The insuring agreement plainly states that, before the insurer is obligated to pay, other than for the reimbursement of medical expenses, which is provided for in a separate provision, three separate conditions must be met. An insured must sustain a "certain specified loss", resulting from "accidental bodily injuries", which are "received in the manner specified" in the policy. That plaintiff, who had to undergo surgery for a herniated disc as a result of the taxicab accident, sustained accidental bodily injury is beyond dispute, as is her contention that she received her injury in a manner specified within at least two categories listed in Part A.

The requirement which plaintiff cannot meet is that the injury result in one of the "certain specified losses" against which the policy insures. Just as the policy listed the covered injuries in Part A, the specified losses covered under the policy are defined in Part B. Part B, entitled "BENEFITS FOR LOSS OF LIFE, LIMB OR SIGHT", states that "[w]hen covered injuries result in any of the specific losses shown below within one hundred days from the date of the accident, the Company will pay the applicable amount shown opposite such loss". Part B then proceeds to list the percentage of the policy's principal sum which will be paid to the insured for each of the various specific losses of life, limb or sight. Loss of limb is limited to the loss of either or both of the hands and feet. Thus, it is clear, since no other policy provision defines a specified loss, that the "specific losses" of life, limb or sight described in Part B are the "specified losses" referred to in the insuring provision as the risk against which Mutual of Omaha insured. Since plaintiff's claimed loss is pain and suffering, lost wages, and medical expenses occasioned by a herniated disc, which is not one of the specified losses, it is outside the scope of coverage.

Contrary to Trial Term's reasoning, the law does not require that an insuring provision, "in and of itself", set forth all the terms and conditions of coverage. "The meaning of one clause may be sharpened by reference to another." (*Long Is. Light. Co. v Hartford Acc. & Indem. Co.,* 76 Misc 2d 832, 834.) Taking the policy, as we must, as an integrated whole (*Murray Oil Prods. v Royal Exch. Assur. Co.,* 21 NY2d 440; *see also,* 13 [rev vol] Appleman, Insurance Law and Practice § 7383), and assigning to each of its various parts its proper role in delineating the scope of coverage, it is clear that the insuring provision outlines

the terms of coverage, while those terms are detailed in Parts A and B. The insuring provision states that the policy covers certain specified losses. Indeed, the words chosen by the insurer, particularly "certain" and "specified", clearly indicate that the coverage provided is limited in nature. When the insuring provision and Parts A and B are read in context the policy is unambiguous and unequivocal in its description of the coverage it provides to an insured, i.e., payment of a fixed indemnity for the specified losses of life, limb or sight. This view is further fortified by the requisite disclosure statement conspicuously attached to the policy, which, *inter alia,* states:

"[T]his policy provides:

"Benefits for Loss of Life, Limb or Sight: Pays * * *

"Medical Expense Benefits: Pays up to."

Trial Term's ruling that the insurer is obligated to pay indemnity for any injury so long as it is sustained as a result of one of the accidents categorized in Part A and that Part B is merely a liquidated damages provision dispensing with proof of damages if the injury results in loss of life, limb or sight finds no support in the policy's terms and constitutes, in essence, a judicial rewriting of the policy. A court, no matter how well intentioned, cannot create policy terms by implication or rewrite an insurance contract. (*Government Employees Ins. Co. v Kligler,* 42 NY2d 863; *State Farm Mut. Auto. Ins. Co. v Westlake,* 35 NY2d 587.) Nor should a court disregard the provisions of an insurance contract which are clear and unequivocal (*Johnson v Travelers Ins. Co.,* 269 NY 401, 407), or accord a policy a strained construction merely because that interpretation is possible (*Wyman v Allstate Ins. Co.,* 29 AD2d 319, 322). An insurer is entitled to have its contract of insurance enforced in accordance with its provisions and without a construction contrary to its express terms. (*See, Caporino v Travelers Ins. Co.,* 62 NY2d 234; *Weil v Globe Indem. Co.,* 179 App Div 166.)

If, as Trial Term found, Mutual of Omaha's policy were intended to compensate for general injuries, as opposed to paying indemnity for a specified loss, it would not have so clearly stated that the coverage afforded is for "specified losses". As already noted, the insuring provision unequivocally states that the policy insures against "certain specified losses" and Part B states that "[w]hen covered injuries result in any of the specific losses shown below" the company will pay the applicable amount. In interpreting insurance policies, "[e]very clause or word * * * is deemed to have some meaning." (*Theatre Guild Prods. v Insurance Corp. of Ireland,* 25 AD2d 109, 111, *affd* 19

NY2d 656.) Furthermore, a policy's terms should not be assumed to be superfluous or to have been idly inserted. (*City-Wide Knitwear Processing Co. v Safeco Ins. Co.,* 80 Misc 2d 978, *affd* 44 AD2d 689, *affd* 36 NY2d 717.)

In construing the policy as it did, Trial Term read the expression "insures * * * against certain specified losses" right out of the policy. It failed to recognize the crucial distinction between a covered injury and a covered loss. Mutual of Omaha's only obligation with respect to the former is to reimburse an insured's medical expenses up to $5,000. In the case of a covered loss it is obligated to pay a fixed indemnity. While a herniated disc sustained in a taxicab accident is a covered injury calling for reimbursement of medical expenses up to $5,000, it is not a specified loss calling for the payment of indemnity.

Accordingly, the judgment of the Supreme Court, New York County (Edward J. Greenfield, J.), entered June 21, 1984, in favor of plaintiff in the sum of $152,550, should be modified, on the law, without costs or disbursements, to the extent of reducing the award to $5,000 with appropriate interest and, except as thus modified, affirmed.

MURPHY, P. J., ROSS, LYNCH and KASSAL, JJ., concur.

Judgment, Supreme Court, New York County, entered on June 21, 1984, modified, on the law, without costs and without disbursements, to the extent of reducing the award to $5,000 with appropriate interest and, except as thus modified, affirmed.