■ FRIEDA CHARNOWITZ, Respondent, v GEICO, Appellant, et al., Defendant.—Order, Supreme Court, Bronx County (Hansel McGee, J.), entered April 30, 1991, on a decision dated March 29, 1991 (Anita Florio, J.), granting plaintiff's motion for summary judgment declaring that defendant GEICO is obligated to defend and indemnify defendant Edith Intrator in a personal injury action brought against her by plaintiff, unanimously reversed, on the law, without costs or disbursements, the motion denied, summary judgment awarded to GEICO and a declaration made that it has no obligation either to defend or indemnify Intrator with respect to the underlying action against her by plaintiff.

On April 1, 1990, plaintiff was injured when she tripped and fell in the apartment of her daughter, Intrator, whose premises were insured under a renter's policy with GEICO, which included a personal liability component (Coverage E) for damages for bodily injury or property damage. Coverage E had a specific exclusion for "bodily injury to you or an insured within the meaning of part a or b of 'insured' as defined." As the policy reads, an insured means the "named insured", referred to as "you" in the policy, and "residents of your household who are your relatives" (part a) and "other persons under the age of 21 and in the care of any person named above" (part b). Edith Intrator and Frieda Charnowitz are

listed in the policy declaration as the named insured. Pursuant to Ms. Intrator's August 26, 1988 request, Ms. Charnowitz, her mother, had been listed as an additional named insured, effective September 7, 1988, and a new and corrected declaration page issued. When the policy was renewed on August 26, 1989, for the period in issue, both Intrator and Charnowitz were listed as the named insured. Charnowitz sued Intrator for the April 1, 1990 accident and GEICO disclaimed any liability therefor on the basis of the exclusion for bodily injury to an insured. This declaratory judgment action testing that disclaimer followed.

Since the policy excludes liability coverage for bodily injury to an insured, summary judgment should have been awarded GEICO and a declaration made that it owes Intrator neither a defense to the Charnowitz lawsuit nor any obligation to indemnify Intrator for any award imposed therein. Charnowitz was a named insured under the policy and not, as the IAS court found, an additional insured to whom the requirement of being a "resident * * * of your [the named insured's] household" applied. Thus, Ms. Charnowitz's residence, which the IAS court found determinative, is a complete irrelevancy. Where, as is the case here, the provisions of an insurance policy are clear, the contract must be enforced as written. (*Adorable Coat Co. v Connecticut Indem. Co.*, 157 AD2d 366, 369.) Nor, contrary to plaintiff's argument before the IAS court, is there any requirement with respect to a liability policy that an insured have an insurable interest in the covered premises. (*Cee Jay Realty Corp. v Aetna Cas. & Sur. Co.*, 37 AD2d 535, *mod on other grounds* 30 NY2d 754.)

Although, contrary to the provisions of the order appealed from, GEICO never cross-moved for summary judgment, we grant the same nonetheless since a motion for summary judgment searches the record and such relief may be granted, where appropriate, to a non-moving party. (*See, Wehringer v Helmsley-Spear, Inc.*, 91 AD2d 585, *affd* 59 NY2d 688.) Concur —Sullivan, J. P., Carro, Milonas, Asch and Kassal, JJ.