■ In the Matter of Zurich Insurance Company, Appellant, v Miranda Gladding, Respondent, et al., Proposed Respondents. [739 NYS2d 699] —Judgment (denominated an order), Supreme Court, New York County (Carol Arber, J.), entered May 2, 2001, which, in a proceeding pursuant to CPLR article 75, denied the petition of Zurich Insurance Company (Zurich) insofar as it seeks a permanent stay of an arbitration commenced by respondent Miranda Gladding against Zurich, denied in part and granted in part Zurich's petition insofar as it seeks certain alternative relief, and dismissed the proceeding, unanimously reversed, on the law, without costs, the petition granted insofar as it seeks to permanently stay the arbitration, and the alternative relief sought by the petition denied as academic.

Respondent Gladding allegedly was injured when the vehicle in which she was a passenger, which was owned by nonparty Wigder Corporation and leased by nonparty Kings Supermarket, Inc. (Kings), was struck from behind by another vehicle. Kings was the named insured under a Commercial Auto Insurance Policy issued by petitioner Zurich (the Policy). Gladding demanded arbitration of her claim against Zurich for benefits under the underinsured motorists coverage afforded by the Policy, and Zurich commenced this proceeding seeking principally to stay the arbitration. Supreme Court denied the petition insofar as it sought a stay.

Supreme Court erred in declining to stay the arbitration. The Policy's declarations section unambiguously indicates, by reference to the annexed Business Auto Coverage Form, that underinsured motorist coverage is afforded only for vehicles "owned" by the named insured. Since the vehicle in which Gladding was injured was not owned by Kings, the named insured, the Policy does not afford Gladding underinsured motorist coverage for injuries sustained in the subject incident. "Where, as is the case here, the provisions of an insurance policy are clear, the contract must be enforced as written" (*Charnowitz v GEICO*, 177 AD2d 320, 321, citing *Adorable Coat Co. v Connecticut Indem. Co.*, 157 AD2d 366, 369). Gladding's reliance on the uninsured and underinsured motorists coverage endorsement to the Policy is unavailing, as that endorsement plainly states that it modifies coverage provided under the Business Auto Coverage Form only for a vehicle that is "covered" under the insurance afforded by that form, which, as previously stated, the vehicle at issue was not.

The foregoing renders it unnecessary for us to reach Zurich's argument challenging Supreme Court's denial of part of the alternative relief sought by the petition. Concur—Nardelli, J.P., Saxe, Sullivan, Wallach and Friedman, JJ.