■ FORD MOTOR CREDIT COMPANY, Appellant, et al., Plaintiff, v ATLANTIC MUTUAL INSURANCE COMPANY, Respondent. [742 NYS2d 236] —Order, Supreme Court, New York County (Joan Madden, J.), entered on or about October 29, 2001, which granted defendant's motion to reject the report of the Special Referee in this matter and denied plaintiff-appellant's cross motion to confirm such report, and, upon the grant of reargument and renewal, adhered to the prior order of the same court (Salvador Collazzo, J.), entered May 9, 1997, granting defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

While it is true that one of the binders issued by the insurance broker indicated that plaintiff Ford Motor Credit Company (FMCC) was to be named as an additional insured in the policy covering the automobile leased by plaintiff Hall, the policy subsequently issued by defendant did not name FMCC as an additional insured and "where the provisions of an insurance policy are clear, the contract must be enforced as written" (*Moshiko, Inc. v Seiger & Smith*, 137 AD2d 170, 175, *affd in part and appeal dismissed in part* 72 NY2d 945; *see also, Charnowitz v GEICO*, 177 AD2d 320, 321). Although FMCC seeks to reform the policy to include itself as an additional insured, it has not come forward with the necessary "evidence of a very high order" "to overcome the heavy presumption that [the] deliberately prepared and executed written instrument manifested the true intention of the parties" (*George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219; *see also, Chimart Assoc. v Paul*, 66 NY2d 570, 574). While there was evidence before the Special Referee that the vehicle lessee, Hall, told the broker that FMCC was to be named as an additional insured, there was no evidence that the broker communicated that direction to defendant and thus no basis for the conclusion, necessary to render FMCC's claim for reformation viable, that defendant, although intending to name FMCC as an ad-

ditional insured, simply neglected to do so (*see, id.*). Concur—Andrias, J.P., Buckley, Sullivan and Ellerin, JJ.