▮ XL INSURANCE AMERICA, INC., Respondent, v THE HOWARD HUGHES CORPORATION, Appellant. [61 NYS3d 497]—

Order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered July 20, 2016, which,

among other things, granted plaintiff insurer's motion for summary judgment declaring in its favor, unanimously reversed, on the law, without costs, plaintiff's motion denied, and it is declared that plaintiff is obligated to pay defendant its proportionate share of the actual loss falling within its layer of coverage, up to a $50 million sublimit.

The Policy Revision Endorsement (endorsement) in the insurance policy plaintiff issued to defendant provides that, with respect to loss or damage caused by a flood in "High Hazards Flood Zones" (where defendant's properties are located), plaintiff "shall not be liable . . . for more than its proportion of $50,000,000" (emphasis omitted). The endorsement defines "Flood" to include, among other things, a "storm surge" and a "Named Storm." However, paragraph 13 of the policy provides as follows:

"With respect to the peril Flood, any and all losses from this cause within a 72-hour period shall be deemed to be one loss insofar as the Limit of Liability and Deductible provisions of this policy are concerned. . . . The term 'flood,' *as used herein*, shall mean surface water, waves, tide, or tidal water and the rising (including overflowing or breaking of boundaries) of lakes, ponds, reservoirs, rivers, streams, harbors and similar bodies of water. . . .

"Flood does not mean Flood and Storm Surge as a result of a named storm." (Emphasis added.)

Because Superstorm Sandy is a "Named Storm," the endorsement's $50 million limit unambiguously applies to the actual losses defendant sustained in that storm. Although paragraph 13 of the policy provides that "Flood does not mean Flood and Storm Surge as a result of a named storm," that exclusion applies only to that paragraph and not elsewhere in the policy. It is clear from the paragraph's phrase " 'flood', as used herein" that the "named storm" exclusion applies only to the 72-hour limitation period set forth in that paragraph (*see Howard Hughes Corp. v Ace Am. Ins. Co.*, 2015 NY Slip Op 32791[U] [Sup Ct, NY County 2015]). To find otherwise would render other policy provisions, such as the endorsement, superfluous (*see generally Bretton v Mutual of Omaha Ins. Co.*, 110 AD2d 46, 50 [1st Dept 1985], *affd* 66 NY2d 1020 [1985]).

The endorsement's $50 million limit should not be read as an exclusion, but rather as a sublimit within plaintiff's $150 million layer of coverage. An exclusion "must be specific and clear in order to be enforced" (*Heartland Brewery, Inc. v Nova Cas. Co.*, 149 AD3d 522, 523 [1st Dept 2017] [internal quota-

tion marks omitted]). The endorsement states that it "amend[s]" the limits of liability, and does not indicate that it is an exclusion. Moreover, plaintiff's and the motion's court's interpretation—that there is no coverage for defendant's High Hazards Flood Zone properties—renders superfluous the endorsement's phrase "for more than its proportion of $50,000,000" (*see Bretton*, 110 AD2d at 50). Concur—Manzanet-Daniels, J.P., Mazzarelli, Webber and Oing, JJ.