■ ARTHUR STEINBERG et al., Plaintiffs, v W.J. NOLAN & Co., INC., et al., Defendants. W.J. NOLAN & Co., INC., et al., Third-Party Plaintiffs-Respondents, v LEONARD BOCCIA et al., Third-Party Defendants-Appellants. [793 NYS2d 913]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered June 9, 2004, insofar as it denied third-party defendants' motion to stay the third-party action and compel arbitration, unanimously modified, on the law, further prosecution of the third-party action stayed pending arbitration of the remaining issues in accordance with the Rules of the New York Stock Exchange, and otherwise affirmed, without costs.

Although the third-party action is for contribution and indemnification, it is not contractually based, but instead arises out of the allegations in the main complaint (*cf. FSP, Inc. v Societe Generale*, 350 F3d 27 [2d Cir 2003]). As such, the third-party dispute stems from underlying allegations of dishonesty on the part of those who trade in securities. Since the controversy involves the Exchange-related business of a member organization of the New York Stock Exchange and its officers, board of directors and employees, arbitration at third-party defendants' election was required under the Exchange's Constitution and Rules (*see Spear, Leeds & Kellogg v Central Life Assur. Co.*, 85 F3d 21 [2d Cir 1996], *cert denied* 519 US 1040 [1996]). Concur—Buckley, P.J., Tom, Saxe, Friedman and Marlow, JJ. [*See* 6 Misc 3d 1003(A), 2004 NY Slip Op 51709(U) (2004).]