*987 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
During a business trip, plaintiffs president noticed that a bag containing jewelry was missing from his personal effects. He was unable to say how or where the loss occurred. Plaintiff thereafter submitted a claim to defendants, the issuers of its primary and excess "jewelers block” insurance policies. Defendants, however, disclaimed liability for the loss, relying on the clauses in their policies that excluded from coverage "[unexplained loss, mysterious disappearance or loss or shortage disclosed on taking inventory.”
Plaintiff commenced the present action, arguing that the exclusionary clause on which defendants relied is ambiguous because it could be construed to apply only to losses discovered "on taking inventory” rather than to all mysterious and unexplained losses regardless of how such losses are discovered. Both courts below rejected plaintiffs argument and granted defendants summary judgment dismissing the complaint. We now affirm.
Where the provisions of an insurance contract are clear and unambiguous, the courts should not strain to superimpose an unnatural or unreasonable construction (see, e.g., Government Empl. Ins. Co. v Kligler, 42 NY2d 863; Ambassador Assocs. v Corcoran, 79 NY2d 871, affg 168 AD2d 281). Contrary to plaintiffs argument, the clause in issue here is susceptible of only one interpretation. Each of the enumerated casualties, i.e., "[unexplained loss,” "mysterious disappearance,” and "loss or shortage discovered on taking inventory,” is plainly an independent basis for exclusion. There is nothing in the grammar or syntax of the exclusionary clause to suggest that the phrase "discovered on taking inventory” was intended to modify each one. To the extent that the court reached a contrary conclusion in McCormick & Co. v Empire Ins. Group Co. (878 F2d 27), its holding is an inaccurate interpretation of New York State law.
Equally unpersuasive is plaintiffs argument that the ruling of the courts below improperly shifted the burden of proof from the insurer to the insured. While it is true that an insurer generally has the burden of proving that a loss is within the scope of a policy exclusion (Facet Indus, v Wright, 62 NY2d 769, 771), defendants satisfied that burden here by *988 simply showing that plaintiff’s claim concededly involved an "unexplained loss” or "mysterious disappearance.”
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed, with costs, in a memorandum.