■ AMUSEMENT CONSULTANTS, LTD., et al., Respondents, v HARTFORD LIFE INSURANCE COMPANY, Appellant. [619 NYS2d 21] —Order, Supreme Court, New York County (Herman Cahn, J.), entered September 14, 1993, which, *inter alia,* denied defendant's motion for partial summary judgment pursuant to CPLR 3212 and which, upon a search of the record pursuant to CPLR 3212 (b), granted summary judgment in favor of the plaintiffs, unanimously affirmed, without costs.

The IAS Court, in granting summary judgment in plaintiffs' favor, determined that the group health insurance policy issued by defendant to plaintiff Amusement provided coverage for plaintiff Beatrice Getlan, as a corporate officer of plaintiff Amusement, and that the intention of the parties could be gathered from the instrument itself, without consideration of extrinsic evidence or varying interpretations of the contract provisions *(W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162; *Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 171-172).

Specifically, the IAS Court determined that the "Eligible Classes" clause of the insurance policy, which enumerated those persons eligible for major medical health insurance coverage, provided such coverage for corporate officers, whether or not they worked thirty hours per week, and that defendant Hartford had failed to prove, as a matter of law, that its interpretation of the contract language—contending that the phrase "active full time employment" was, as utilized therein, a condition of eligibility applying to all classes—was within the plain meaning of the policy at issue *(Goldman & Sons v Hanover Ins. Co.,* 80 NY2d 986, 987; *Adorable Coat Co. v Connecticut Indem. Co.,* 157 AD2d 366, 369).

This is an issue that we need not reach since it is nevertheless apparent that plaintiff Getlan did, in fact, work more than the requisite thirty hours per week, thereby rendering defendant's arguments academic.

We have reviewed defendant's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Kupferman and Williams, JJ. [*See* — AD2d —, Apr. 20, 1995.]