■ AMUSEMENT CONSULTANTS, LTD., et al., Respondents, v HARTFORD LIFE INSURANCE COMPANY, Appellant. [625 NYS2d 901] —Order, Supreme Court, New York County (Herman Cahn, J.), entered September 14, 1993, affirmed, for the reasons stated by Cahn, J., without costs and disbursements. Motion for leave to appeal to the Court of Appeals denied; motion for reargument granted and, upon reargument, the decision and order entered on November 22, 1994 (209 AD2d 322) is re-called and vacated and a new decision and order is substituted therefor, decided simultaneously herewith. Concur—Ellerin, Kupferman and Williams, JJ.

Sullivan, J. P., dissents in a memorandum as follows: The issue which divides us concerns the interpretation to be given the phrase, "All Active Full Time Home Office Employees, Officers, Managers, Supervisors, Mechanics, Technicians, Routemen and Carpenters," which defines the classes of persons eligible for coverage under the group policy issued by defendant to plaintiff Amusement Consultants, Ltd. providing, *inter alia,* health insurance. The policy defines "active full time employee" as "[a]n employee who works for the Policy-holder or Participant Employer on a regular basis in the usual course of the policyholder's or Participant Employer's business. He must work at least the number of hours in the Policyholder's or Participant Employer's normal work week. This must be at least thirty hours per week."

Plaintiff Beatrice Getlan, now deceased, was the founder of Amusement and its president until 1974, when, at age 64, she relinquished the office in favor of her son and assumed the title of vice-president. After fracturing her hip in February 1988, Getlan submitted a reimbursement of medical expenses claim, which defendant denied on the ground that she was not

an "active full time employee", as the policy defines that term, and, therefore, not a covered person under the policy.

Defendant insurer takes the position that the expression, "Active Full Time", applies to each of the eight categories of eligible persons that follows it. On the other hand, Amusement argues, and the IAS Court agreed, that the expression, "Active Full Time", modifies only the words it immediately precedes, "Home Office Employees", and not the other classes of eligible persons, including "Officers". Thus, it contends, Mrs. Getlan, as an officer of the corporation, did not have to be employed at least 30 hours a week. Whether she was so employed at the time of her injury is an issue reserved for future disposition since defendant's motion for partial summary judgment was limited to the issue of whether, in accordance with its interpretation of the policy, Mrs. Getlan was required to work at least 30 hours a week to be eligible for medical coverage. Since, in accordance with the clear and unambiguous terms of the policy, Mrs. Getlan's eligibility for medical benefits as an officer of the corporation is contingent upon her working a minimum of 30 hours a week for Amusement at the time of her accident, I would reverse and grant partial summary judgment to defendant and rule accordingly.

Where the terms of an insurance policy are clear and unambiguous, they should be given their plain and ordinary meaning and courts should refrain from rewriting the agreement. *(State Farm Mut. Auto. Ins. Co. v Westlake,* 35 NY2d 587; *United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229.)* While any ambiguity must be resolved in the insured's favor and against the insurer *(see, State Farm Mut. Auto. Ins. Co. v Westlake, supra,* at 591), courts should not reach to find ambiguity "where the policy language has a definite and precise meaning" *(Adorable Coat Co. v Connecticut Indem. Co.,* 157 AD2d 366, 369). "An insurer is entitled to have its contract of insurance enforced in accordance with its provisions and without a construction contrary to its express terms." *(Bretton v Mutual of Omaha Ins. Co.,* 110 AD2d 46, 49, *affd* 66 NY2d 1020.) In reviewing a contract to discover the parties' intention, "punctuation and grammatical construction are reliable signposts." *(Wirth & Hamid Fair Booking v Wirth,* 265 NY 214, 219, *mot to amend remittitur granted* 265 NY 510.) Here, although they reach different conclusions, both sides agree that the clause at issue is clear and unambiguous.

It is apparent that the commas in the phrase at issue are used only to separate the string of nouns, not to connote separate ideas, and that the adjectival phrase "active, full-

time" governs all nouns in the series which follows. If "active full-time" was meant to qualify only "Home Office Employees", a semi colon or the word "and" would have been used to separate "Active Full-Time Home Office Employees" from "Officers, Managers" and the other five classes.

The IAS Court justified its conclusion that the phrase, "active full-time", modified only the words "home office employees" on the premise that to interpret the eligibility clause as defendant urges would make the enumeration of classes other than employees redundant since the designation "full-time employees" would encompass all the other classes. The court's logic is faulty. The reference in the policy was not to "all active full time employees" but only to "all active full time home office employees". While the other classifications of eligible parties, *e.g.*, managers, supervisors, mechanics, technicians, routemen and carpenters, may qualify as employees, they may not necessarily qualify as home office employees. Moreover, a corporate officer can hardly be considered an employee. Thus, the enumeration of the additional classes of persons was required. More important though, the IAS Court's interpretation would exclude from coverage all part-time home office employees, while at the same time provide coverage for part-time mechanics, technicians, routemen and carpenters. This interpretation makes no sense.

Plaintiffs' reliance on *Goldman & Sons v Hanover Ins. Co.* (80 NY2d 986) is misplaced. There, the policy language at issue excluded from coverage " '[u]nexplained loss', 'mysterious disappearance' [or] 'loss or shortage disclosed on taking inventory' ". *(Supra,* at 987.) The Court rejected the plaintiff's argument that the clause was ambiguous inasmuch as it could be construed to apply only to losses discovered " 'on taking inventory' ", rather than to all mysterious disappearances and unexplained losses irrespective of how such losses were discovered. In so ruling, the Court held that "[e]ach of the enumerated casualties * * * is plainly an independent basis for exclusion. There is nothing in the grammar or syntax of the exclusionary clause to suggest that the phrase 'discovered on taking inventory' was intended to modify each [of the enumerated casualties]." *(Supra,* at 987.)

The language construed in *Goldman (supra),* which implicates the "last antecedent" doctrine *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 254), is, of course, in no way comparable to the language at issue herein. To correlate the two clauses, the eligibility clause would have to read, "All officers or managers or home office employees who are active

full-time employees." Thus, *Goldman* offers no support for the interpretation urged by plaintiff. This case is more akin to *People v Bunt* (118 Misc 2d 904 [Justice Ct, Town of Rhinebeck, Dutchess County]), in which the statutory language in issue, part of Agriculture and Markets Law § 353, provides, in pertinent part, that a person who, *inter alia,* "unjustifiably injures, maims, mutilates or kills any animal * * * is guilty of a misdemeanor." The court held that "the term 'unjustifiably' * * * applies to the words 'injures', 'maims', 'mutilates' and 'kills', since by the varying nature of these prohibited acts it would be illogical to have them considered to absolutes and without the right of the defense of justification". *(Supra,* at 909.)