The **VILLAGE OF SYLVAN BEACH, NEW YORK,** Plaintiff–Appellee,

v.

The **TRAVELERS INDEMNITY COMPANY, and The Travelers Insurance Company,** Defendants–Appellants.

No. 1402, Docket 94–7869.

United States Court of Appeals, Second Circuit.

Argued March 21, 1995.

Decided May 24, 1995.

Robert J. Smith, Syracuse, NY, (Costello, Cooney & Fearon), for defendants-appellants.

Carl J. Cochi, Utica, NY, for plaintiff-appellee.

Before: OAKES, KEARSE, and LEVAL, Circuit Judges.

LEVAL, Circuit Judge:

Defendants Travelers Insurance Company and Travelers Indemnity Company ("Travelers") appeal from Judge Scullin's grant of partial summary judgment to the insured plaintiff, the Village of Sylvan Beach, New York (the "Village"), declaring that Travelers must furnish a defense to the Village against a wrongful death claim.

## Background

At the Village, there is a beach on the shore of Oneida Lake. On August 8, 1992, Tammy Joslyn, a child, drowned at the beach 100–200 yards offshore. John and Margaret Joslyn, her parents, brought a wrongful death suit against the Village in state courts. The Village then brought this action to compel Travelers to defend and indemnify the Village.

Both Travelers and the Village moved for summary judgment. Travelers contended that the Village's commercial general liability policy expressly excluded coverage of the risk represented by the Joslyn wrongful death action. The Village claimed the risk came within the coverage of the policy or that, at worst, the exclusion was ambiguous, thus requiring the insurer to defend, leaving the issue of indemnification to be settled after the Village's liability is established.

The district court granted partial summary judgment to the Village. The court held that the exclusion clause was ambiguous, so that Travelers was obligated to defend the Village in the underlying lawsuit, leaving open the question of its duty to indemnify. The court noted that because an insurer's duty to defend is broader than its duty to indemnify, it need not find that the insurer had the duty to indemnify as a prerequisite to a final decision on its duty to defend.

We find that the exclusion clause of the policy unambiguously excluded the risk represented by the Joslyn suit; we therefore reverse the judgment of the district court, and direct the entry of summary judgment in favor of Travelers.

## Discussion

In New York State, an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract. *See Newmont Mines Ltd. v. Hanover Ins. Co.*, 784 F.2d 127, 135 (2d Cir.1986); *Ogden Corp. v. Travelers Indem. Co.*, 681 F.Supp. 169, 173 (S.D.N.Y.1988). If the provisions are clear and unambiguous, courts are to enforce them as written. *See Maurice Goldman & Sons, Inc. v. Hanover Ins. Co.*, 80 N.Y.2d 986, 592 N.Y.S.2d 645, 646, 607 N.E.2d 792, 793 (1992). However, if the policy language is ambiguous, particularly the language of an exclusion provision, the ambiguity must be interpreted in favor of the insured. *See Marino v. N.Y. Tel. Co.*, 944 F.2d 109, 112 (2d Cir.1991). Furthermore, where the policy includes an obligation to defend, if there is a doubt as to whether the claim comes within the insurer's duty to indemnify, the insurer is generally required to furnish a defense, leaving the issue of indemnification to be settled after establishment of the insured's liability. *See Seaboard Sur. Co. v. Gillette Co.*, 64 N.Y.2d 304, 486 N.Y.S.2d 873, 875–76, 476 N.E.2d 272, 274–75 (1984). The insurer generally bears the burden of proving that the claim falls within the scope of an exclusion. *See Maurice Goldman*, 80 N.Y.2d 986, 592 N.Y.S.2d at 646, 607 N.E.2d at 793. "To negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation,

and applies in the particular case." *Sea Ins. Co., Ltd. v. Westchester Fire Ins. Co.,* 51 F.3d 22, 26 (2d Cir.1995) (internal quotation omitted).

■ The question for this court is whether the exclusion provision of the policy clearly and unmistakably excludes the liability asserted against the Village in the Joslyn complaint. We find that it does. The Joslyn complaint alleges, *inter alia,* that the Village operated a bathing beach, that it did so negligently by failing to designate safe swimming areas or furnish lifeguards or safety equipment, and that as the result of this negligence, the Joslyn child was drowned while using the bathing beach.[1]

The exclusion provision in the Village's policy is headed "EXCLUSION—ALL HAZARDS IN CONNECTION WITH DESIGNATED PREMISES" and provides:

This insurance does not apply to "bodily injury," ... [or] "personal injury" ... arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule or any property located on these premises;

2. Operations on those premises or elsewhere which are necessary or incidental to the ownership, maintenance or use of those premises....

The designated premises are "Bathing beach Sylvan Beach, New York."

We conclude that the terms of this provision clearly and unmistakably exclude the type of injury alleged in the Joslyn action. While the ownership of Sylvan Beach is an issue in dispute, even if the Village did not have "ownership," it exercised "maintenance or use" of the beach. The Village systematically cleaned and maintained the beach; its budget included a line item for beach expenses; it had a Beachfront Commission; it enacted laws to regulate animals, vehicles and water equipment on the beach; and it owned and operated a parking lot, rest rooms, and picnic area adjacent to the beach. These activities relate to the Village's maintenance and use of the beach. The allegations of the Joslyn complaint are within the scope of the Village's "use of the [beach] premises ... [or its] [o]perations on those premises or elsewhere ... incidental to the ... use of those premises."

The Village argues that the term "bathing beach" might denote the sand, not the water adjacent to the sand, and particularly not 100–200 yards offshore; it therefore contends the term is at least ambiguous, if not clear in its failure to exclude a drowning so far off the beach. In view of the provisions of the exclusion clause quoted above, we find it immaterial whether the beach extends to waters 200 yards offshore. Coverage is excluded if the drowning arose out of the use of the beach, or operations (on the beach or elsewhere) that are incidental to the use of the beach. This is what the Joslyn complaint alleges. We conclude that Travelers has met its burden of "demonstrating that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and ... are subject to no other interpretation." *Technicon Elecs. Corp. v. Am. Home Assurance Co.,* 74 N.Y.2d 66, 544 N.Y.S.2d 531, 533, 542 N.E.2d 1048, 1050 (1989) (internal quotation omitted). Travelers had no duty to defend the Village in the underlying lawsuit.

Because the underlying tort claims fall plainly within the exclusion provision, Travelers has no duty to defend or indemnify the Village on those claims. *See, e.g., Logan's Silo Sales & Serv., Inc. v. Nationwide Mut. Fire Ins. Co.,* 185 A.D.2d 651, 585 N.Y.S.2d

---

1. The Joslyns' complaint alleges that the Village: did continue the operation and maintenance of said public park and public bathing resort, well knowing that no warnings were being given to the public of the dangers ... and well knowing that no life guards or life saving apparatus were being furnished or supplied ... [or] floatation devices or ropes ... to denote designated swimming area ... [or] floating buoys or other devices to indicate the depth of the waters....

It further asserts that:
Plaintiff's intestate ... paid to ... the Defendant Village the required admission fee ... for the use of the bathing facilities so furnished by the Defendant Village ... [and that] while the Plaintiff's intestate was availing herself of the use of the said bathing facilities so furnished by the Defendants, and while bathing in the usual and customary manner, the Plaintiff's intestate was drowned....

646, 647 (4th Dep't 1992). The judgment is reversed; the district court is directed to enter judgment in favor of Travelers.