■ FEDERAL INSURANCE COMPANY, Appellant, v 1030 FIFTH AVENUE CORPORATION, Respondent. [691 NYS2d 498] —Order and judgment (one paper), Supreme Court, New York County (Elliott Wilk, J.), entered July 20, 1998, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment declaring that plaintiff is obligated to defend and indemnify defendant in the underlying action, unanimously affirmed, with costs.

Exclusionary provisions in a contract of insurance are to be strictly and narrowly construed (see, *Home Ins. Co. v Spectrum Information Technologies*, 930 F Supp 825), and in this case, the insurer failed to meet its burden of demonstrating that the policy's "prior or pending litigation exclusion" clearly and unmistakably applied to defendant insured's claims (see, *Village of Sylvan Beach v Travelers Indem. Co.*, 55 F3d 114, 115-116). The broad term "any litigation" in subpart (A) of the cited exclusion is modified by the phrase "against any Insured". Accordingly, the IAS Court reasonably interpreted the phrase "against any Insured" as requiring a request for relief against

the insured in any "pending litigation" in order for the subject exclusion to apply. The "pending litigation" upon which plaintiff insurer relies, a CPLR article 78 proceeding brought against the City Landmarks Preservation Commission, although naming defendant insured as a nominal party, did not involve any request for affirmative relief from defendant. Given this circumstance, the ambiguity in the language of the endorsement readily permits the conclusion that the pending litigation at issue herein was not "against any Insured", and inasmuch as none of the extrinsic evidence tends to cast light upon the meaning of the language, the provision was properly construed in favor of the insured (*see, Home Ins. Co. v Spectrum Information Technologies,* 930 F Supp, *supra,* at 844). Concur—Nardelli, J. P., Williams, Wallach, Lerner and Andrias, JJ.