Atlantic Casualty Insurance Co. v. Greenwich Insurance Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 20th day of December, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             RAYMOND J. LOHIER, JR.
                         *Circuit Judges*.

_____

ATLANTIC CASUALTY INSURANCE COMPANY,

                    *Plaintiff-Counter-Defendant-Appellee*,

                                                    13-0540-cv

          -v.-

GREENWICH INSURANCE COMPANY, [1]

                    *Defendant-Cross-Defendant-Appellant*,

_____

Appearing for Appellant:      Donald G. Sweetman, Gennet, Kallmann, Antin & Robinson P.C., Parsippany, N.J.

Appearing for Appellee:       Debra M. Krebs, Keidel, Weldon & Cunningham, LLP (Christopher B. Weldon, Robert W. Lewis, *on the brief*), White Plains, N.Y.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

_____

[1] The Clerk of the Court is directed to amend the caption as shown above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Greenwich Insurance Co. ("Greenwich") appeals from the January 15, 2013 opinion and order of the United States District Court for the Southern District of New York (Cote, *J.*) following a bench trial, granting Atlantic Casualty Insurance Co.'s ("Atlantic") motion for a declaratory judgment that it need not defend or indemnify its insured, Value Waterproofing Inc. *Atlantic Cas. Ins. Co. v. Value Waterproofing, Inc*, 918 F. Supp. 2d 243 (S.D.N.Y. 2013). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Greenwich argues that the district court committed clear error in any number of its factual findings. We disagree. "The obligations of the court as the trier of fact are to determine which of the witnesses it finds credible, which of the permissible competing inferences it will draw, and whether the party having the burden of proof has persuaded it as factfinder that the requisite facts are proven." *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 215 (2d Cir. 2001). There is adequate evidence in the record to support the district court's findings of fact including its findings that the agents for the insurer and insured intended to issue an endorsement providing coverage for residential roofing only and that an endorsement limiting coverage to residential roofing was issued to the insured.

Nor did the district court err in finding the endorsement language unambiguous. Under New York law, if the policy language is "clear and unambiguous, courts are to enforce [the terms] as written." *Village of Sylvan Beach, N.Y. v. Travelers Indem. Co.*, 55 F.3d 114, 115 (2d Cir. 1995). "[I]f the policy language is ambiguous, particularly the language of an exclusion provision, the ambiguity must be interpreted in favor of the insured." *Id.* "Furthermore, where the policy includes an obligation to defend, if there is a doubt as to whether the claim comes within the insurer's duty to indemnify, the insurer is generally required to furnish a defense, leaving the issue of indemnification to be settled after establishment of the insured's liability." *Id.* Greenwich argues that the language of the Policy endorsement, "ROOFING-RES" is inherently ambiguous, noting that "RES" itself is a typographical error – the endorsement was supposed to read "ROOFING-RESD." Even if the district court erred in finding "ROOFING-RES" unambiguous on its face, the district court properly found that the extrinsic evidence presented at trial makes clear that the term is intended to refer to residential roofing. Greenwich's own expert testified that he understood that the Insurance Services Office (a group that prepares forms for use in insurance policies) generally divides roofing coverage into commercial and residential policies, and that he understood "Res" to refer to "residential." The agents for both the insurer and the insured testified to the same understanding. This is sufficient record evidence to find both that the parties agreed on coverage limited to residential roofing, and that, in any event, in the insurance industry the term "RES" customarily refers to "residential" policies.

As we find the district court correctly determined there was no coverage under the Policy for the loss at issue, we need not reach the issue of whether the district court erred in its

determination that Atlantic was prejudiced by its failure to receive timely notice of the claim. We have examined the remainder of Greenwich's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3