LaSHANN DeARCY HALL, United States District Judge
Plaintiff U.S. Underwriters Insurance Company ("U.S. Underwriters") brings this declaratory action against Defendants Orion Plumbing & Heating Corporation ("Orion"), Arkadiy Bangiyev ("Bangiyev"), J Bayot Home Design and Arnulfo Bayot ("Bayot Defendants"), and Joseph Pomilla ("Pomilla") seeking a judgment declaring that it has no duty under a commercial liability policy (the "Policy") to defend or indemnify Orion, or any other party, for any and all claims and causes of action asserted in the underlying state action captioned Joseph Pomilla v. Arkadiy Bangiyev, et al. ("Underlying Action").[1] (Compl. ¶¶ 10, 29, 34, 38 ECF No. 1.) In the alternative, Plaintiff requests that the Court issue an order rescinding the Policy and declaring it void ab initio. (Id. ¶ 46.)
BACKGROUND
On June 3, 2012, Pomilla sustained bodily injuries in the course of his employment as a firefighter while responding to a fire at a property owned, operated, and maintained by Bangiyev (the "Property"). (Pomilla Compl. ¶¶ 3-7, 58-61, ECF No. 1-1.) At the time of the incident, the Property was undergoing construction and demolition.[2] On February 5, 2015, Pomilla filed *316 the Underlying Action against Bangiyev and other parties alleged to have been responsible for the construction. (Id. ) In response, Bangiyev filed a third-party claim against Orion and the Bayot Defendants seeking indemnification and contribution. (Compl. ¶ 14.)
PROCEDURAL HISTORY
The instant action was filed August 19, 2016. (See generally id. ) The Bayot Defendants moved, pursuant to the Court's Individual Rules and Practices, for a pre-motion conference in anticipation of filing a motion to dismiss.[3] (Answer ("Bayot PML Letter"),[4] ECF No. 12.) The Bayot Defendants claimed, among other things, that the complaint should be dismissed against them because it presented no justiciable case or controversy. Id. At the pre-motion conference, in lieu of a motion to dismiss by Defendants, the Court ordered U.S. Underwriters to show cause as to why the Court should not dismiss all claims against the Bayot Defendants and Pomilla for lack of subject matter jurisdiction.[5]
LEGAL STANDARD
"[T]he Declaratory Judgment Act ... provides that 'any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.' " Century Sur. Co. v. Odyssey Mech. Corp. , No. 09-cv-1040, 2011 WL 4529637, at *3 (E.D.N.Y. Sept. 27, 2011) (quoting 28 U.S.C. § 2201(a) ) (discussing the purpose, requirements, application and limitations of the Declaratory Judgment Act). However, before a court may issue any declaratory order, it must satisfy itself that the matter presents an actual case or controversy. Id. (citing E.R. Squibb & Sons, Inc. v. Lloyd's & Co. , 241 F.3d 154, 177 (2d Cir. 2011) ); Olin Corp. v. Consol. Aluminum Corp. , 5 F.3d 10, 17 (2d Cir. 1993) ("The controversy must be 'real and substantial ... admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' ") (quoting Aetna Life Ins. Co. v. Haworth , 300 U.S. 227, 241, 57 S.Ct. 461, 81 L.Ed. 617 (1937) ).
"The touchstone for whether a controversy is ripe for resolution by declaratory judgment-or whether it is sufficiently real and immediate-is whether the relief sought 'relates to a dispute where *317 the alleged liability has already accrued or the threatened risk occurred, or rather whether the feared legal consequence remains a mere possibility, or even probability of some contingency that may or may not come to pass.' " Gov't Emps. Ins. Co. v. Saco , No. 12-cv-5633, 2014 WL 639419, at *4 (E.D.N.Y. Feb. 18, 2014) (quoting U.S. Dept. of Treasury v. Official Comm. of Unsecured Creditors of Motors Liquidation Co. , 475 B.R. 347, 358 (S.D.N.Y. 2012) ). That is, "[t]he [controversy] ... must [take] a fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on its adversaries, and some useful purpose to be achieved in deciding them." U.S. Underwriters Ins. Co. v. Kum Gang Inc. , 443 F.Supp.2d 348, 352 (E.D.N.Y. 2006) (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc. , 344 U.S. 237, 244, 73 S.Ct. 236, 97 L.Ed. 291 (1952) ). "That the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action. Rather courts should focus on the practical likelihood that the contingencies will occur." Century Sur. Co. , 2011 WL 4529637, at *3 (quoting Associated Indem. Corp. v. Fairchild Indus., Inc., 961 F.2d 32, 35 (2d Cir. 1992) ). Accordingly, a court should exercise jurisdiction only where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality...." Maryland Cas. Co. v. Pacific Coal & Oil Co. , 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941).
DISCUSSION
I. Defendant Pomilla
U.S. Underwriters maintains that Pomilla has been properly named as a defendant in this action because there is a justiciable case or controversy between them, thus satisfying the subject matter jurisdiction requirement of The Declaratory Judgment Act. (Pl.'s Mem. at 2-7.) Specifically, U.S. Underwriters argues that Pomilla, as the plaintiff in the Underlying Action, "seeks to recover under the Policy in that he has asserted claims against Bangiyev, [who] in turn claims that if [sic] he [is] [liable] to Pomilla, that liability should be paid by Orion." (Id. at 5.) As a result, U.S. Underwriters contends that Pomilla ultimately has an interest in the Court's determination regarding the "interpretation and/or rescission of the Policy," because "[i]f the Policy does not cover the subject-matter of the [Underlying Action] or if the Policy is rescinded, then Pomilla ... [who] seek[s] recovery from Orion ... would be denied that source of recovery." (Id. at 6.) Plaintiff's argument is attenuated, at best.
In the Underlying Action, Pomilla filed a complaint against Bangiyev and the other individuals and entities allegedly responsible for the demolition and construction on the Property. (Pomilla Compl. ¶¶ 1-3.) None of these defendants are insured by U.S. Underwriters. Indeed, Orion, the only party insured by U.S. Underwriters, became a party in the Underlying Action solely as a result of the third-party claim initiated by Bangiyev. If there is no pending claim between Pomilla and Orion, it cannot be said that Pomilla seeks to recover under the Policy.[6]
Nonetheless, U.S. Underwriters maintains that on these facts the Court can find an actual case and controversy. To buttress this contention, U.S. Underwriters *318 refers the Court to a host of cases where courts have found an actual case or controversy to exist between an injured party and an insured. A review of those cases reveals that they each involved underlying actions where an injured party sued an insured party or the injured party filed an insurance claim with the insured. See, e.g., Gov't Emps. Ins. Co. , 2014 WL 639419, at *1 (insurer bringing declaratory action against the insured and injured party where underlying action was brought by the injured party against the insured); Am. Empire Surplus Lines Insur. Co. v. MJM Assocs. Const. LLC , No. 12-cv-0080, 2012 WL 2830014, at *1 (E.D.N.Y. 2012) (same); Century Sur. Co. , 2011 WL 4529637, at *1-2 (insurer bringing declaratory action against insured and injured party where there was no underlying action but injured party filed an insurance claim). Such is not the case here. Again, Pomilla has not initiated any claims against U.S. Underwriters or any of its insureds, nor has Pomilla filed any claims with U.S. Underwriters seeking to otherwise recover for his injuries under the Policy. There is simply no factual predicate upon which the Court can determine the existence of a case or controversy.
U.S. Underwriters insists that pursuant to New York Insurance Law § 3420 Pomilla could initiate a suit against U.S. Underwriters, if Pomilla obtains a judgment in the Underlying Action and if Orion does not satisfy the judgment, thus creating a case or controversy between them. (Pl.'s Mem. at 6.) The Court disagrees. New York Insurance Law § 3420 permits an injured party, who has obtained a judgment against an insured, to maintain an action against the insurer to recover the amount of the judgment. See N.Y. Ins. Law § 3420(b)(1) ; see also Gov't Emps. Ins. Co., 2014 WL 639419, at *5 (" Section 3420(b)(1) provides injured parties a private right of action against insurance companies to recover the amount of a judgment obtained against an insured, effectively granting them the right to enforce the insured's right of contribution or indemnity."). Pomilla is not seeking a judgment against any U.S. Underwriters insured. Accordingly, Section 3420 does not operate to create an actual case or controversy as between Plaintiff and Pomilla.
II. Bayot Defendants and Bangiyev
U.S. Underwriters contends that an actual case or controversy exists between it and the Bayot Defendants because the Bayot Defendants "are adverse to and have a claim against Orion." (Pl.'s Mem. at 5.) Specifically, U.S. Underwriters argues that the Bayot Defendants have an interest in recovery from Orion to the extent that both Orion and the Bayot Defendants may be required to indemnify Bangiyev for any liability to Pomilla. (Id. ) U.S. Underwriters likewise contends that Bangiyev has an "interest in recovery from Orion (and therefore from the Policy and from U.S. Underwriters)." (Id. )
Generally, claims involving indemnification obligations are not justiciable until liability has been imposed upon the party to be indemnified. FSP, Inc. v. Societe Generale , No. 02 CV 4786 (GBD), 2003 WL 124515, at *4 (S.D.N.Y. Jan. 14, 2003) ("Claims concerning indemnification obligations, however, are not ripe for adjudication until liability has been imposed upon the party to be indemnified."), aff'd and remanded , 350 F.3d 27 (2d Cir. 2003), and adhered to on reconsideration , No. 02 CV 4786 (GBD), 2005 WL 475986 (S.D.N.Y. Feb. 28, 2005) ; Am. Empire Surplus Lines Ins. Co. v. EM & EM Chimney & Masonry Repair, Inc. , No. CV 16-1541 (ADS)(AYS), 2017 WL 4118390, at *6 (E.D.N.Y. Aug. 30, 2017) (finding that *319 "claims concerning indemnification obligations are not ripe for adjudication until liability has been imposed upon the party to be indemnified"), report and recommendation adopted , No. 16-CV-1541 (ADS)(AYS), 2017 WL 4119266 (E.D.N.Y. Sept. 15, 2017). As such, federal courts have generally declined to award declaratory relief in such actions. See Cohen v. Loeb Partners Corp. , No. 90 CIV. 5175 (KMW), 1992 WL 84535, at *4 (S.D.N.Y. Apr. 13, 1992) (dismissing complaint seeking declaratory judgment on indemnification obligations because "until Plaintiff satisfie[d] the [underlying] judgment, the parties will not be involved in an actual controversy concerning whether Defendant must indemnify Plaintiff pursuant to the Agreement"); see also Solow Bldg. Co., LLC v. ATC Assocs., Inc. , 388 F.Supp.2d 136, 139 (E.D.N.Y. 2005) (dismissing second claim of complaint seeking declaratory judgment requesting indemnification against potential future claims and noting "[f]ederal courts generally decline to award declaratory relief in indemnification actions"). The same outcome is warranted here.
No liability has been assessed against Bangiyev.[7] Bangiyev's third-party claim against Orion-U.S. Underwriters' insured-is one for indemnification and contribution. Because no liability has been imposed upon Bangiyev, any claim regarding these indemnification obligations is not ripe for adjudication. FSP, Inc. , 2003 WL 124515, at *4 ; Am. Empire Surplus Lines Ins. Co. , 2017 WL 4118390, at *6 ; Cohen , 1992 WL 84535, at *4. Furthermore, as U.S. Underwriters notes, the Bayot Defendants have not yet asserted any claims against Orion in the Underlying Action. (Pl.'s Mem. at 2.) In other words, not only is the issue of liability against Bangiyev unresolved, it is also unclear whether Orion will ever have to face a claim for indemnification by the Bayot Defendants. Accordingly, U.S. Underwriters' requests for a declaratory judgment regarding its indemnification obligations as related to the Bayot Defendants and Bangiyev are not ripe for adjudication.
III. Duty to Defend as to Pomilla, the Bayot Defendants, and Bangiyev
Unlike a duty to indemnify, "[c]laims regarding a duty to defend against a pending action are generally justiciable." FSP, Inc. , 2003 WL 124515, at *4. Nonetheless, Plaintiff still fails to present an actual controversy regarding Plaintiff's obligations to defend Pomilla, the Bayot Defendants, and Bangiyev in the Underlying Action.
It is well settled that the duty to defend arises under contract. Atl. Cas. Ins. Co. v. Value Waterproofing, Inc. , 918 F.Supp.2d 243, 252 (S.D.N.Y. 2013) ("An insurer's duty to defend its insured is a contractual obligation."), aff'd sub nom. Atl. Cas. Ins. Co. v. Greenwich Ins. Co. , 548 Fed.Appx. 716 (2d Cir. 2013). Here, the complaint alleges that Plaintiff issued the Policy to Orion. (Compl. ¶ 16.) The complaint is devoid of any allegation that Pomilla, the Bayot Defendants, or Bangiyev are covered under the Policy thereby creating the requisite contractual relationship that would ordinarily trigger a duty to *320 defend. Particularly problematic, the complaint does not contain any allegation that these Defendants dispute whether they are entitled to a defense. In other words, as to Pomilla, the Bayot Defendants, and Bangiyev, there is simply no identifiable dispute. Where there is no indication that the theory on which a plaintiff seeks declaratory judgment is in dispute between the parties, an actual controversy does not exist. United Fin. Cas. Co. v. Paddon , 248 F.Supp.3d 368, 373 (N.D.N.Y. 2017) (finding no controversy in declaratory action where the allegations of the complaint did not "suggest that there [was] a dispute between the parties as to whether Plaintiff is obligated to defend or indemnify Defendants in the lawsuit over the Underlying Incident"). Accordingly, Plaintiff's claims regarding its obligations to defend Pomilla, the Bayot Defendants, or Bangiyev in the Underlying Action fail to present an actual controversy.
CONCLUSION
For the foregoing reasons, this action as to Pomilla, the Bayot Defendants, and Bangiyev is dismissed for lack of subject matter jurisdiction.
SO ORDERED.

The Underlying Action, Index No. 1590/2015, was filed on February 5, 2015. It was pending before the Supreme Court of New York, Queens County. (Pomilla Compl. at 1, ECF No. 1-1).

Pomilla asserts that construction on the Property was being completed, pursuant to an agreement between Bangiyev and the following parties: D & B Brothers Construction Inc., Geraldo Caliendo, and Geraldo Caliendo Architect, P.C. (Id. ¶¶ 11, 26, 42). Each of these parties were named as defendants in the Underlying Action.

Defendants Pomilla and Bangiyev filed answers asserting affirmative defenses. (Bangiyev Answer ¶¶ 22-27, ECF No. 19; Pomilla Answer ¶¶ 47-54, ECF No. 21.) Defendant Orion failed to appear or otherwise defend the action. An entry of default as to Orion was filed on December 16, 2016, pursuant to Federal Rules of Civil Procedure 55(a) and U.S. Underwriters filed a motion for default judgment on March 20, 2017. (Mot. for Default J., ECF No. 28.) By order dated October 24, 2017, this Court adopted the Report and Recommendation of Magistrate Judge Ramon E. Reyes, Jr. recommending that the Court deny the motion for default judgment. (Order Adopting R. & R., ECF No. 37.)

The Bayot Defendants inadvertently filed their letter requesting a pre-motion conference regarding their anticipated motion to dismiss as an answer.

Although Bangiyev has not raised the argument that the Court lacks subject matter jurisdiction, the Court may consider the presence or absence of subject matter jurisdiction sua sponte. "Without jurisdiction, the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Charter Oak Fire Ins. Co. v. Bolding , No. 08-CV-02632 (KAM), 2009 WL 3246116, at *2 (E.D.N.Y. Oct. 1, 2009) (internal quotation marks omitted) (citing Steel Co. v. Citizens for a Better Env't , 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ).

U.S. Underwriters apparently applies this same logic to explain why they did not name the outstanding defendants in the Underlying Action in this action, stating "U.S. Underwriters has not included the other defendants from the Pomilla Action ... in this action, as they have not asserted any claim against Orion." (Pl.'s Mem. at 5 n.1).

On January 22, 2018, Bangiyev filed a letter informing Magistrate Judge Reyes that the New York State Supreme Court dismissed the Underlying Action as to Bangiyev. (Letter dated January 22, 2018, ECF No. 39.) To the extent this representation is true and the state court determined that Bangiyev is not liable in the Underlying Action, there is no indemnification to be had in this matter and the claims regarding the duty to indemnify fail. To the extent Bangiyev's liability is still at issue, the above analysis remains applicable to the indemnification claims.