18-1887-cv(L)
1070 Park Ave. Corp. v. Fireman's Fund Ins. Co.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand nineteen.

PRESENT: DENNIS JACOBS,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges*.

------------------------------------------------------------------

1070 PARK AVENUE CORPORATION,

*Plaintiff-Appellant-Cross-Appellee*,

v.                                                    Nos. 18-1887-cv(L)
                                                            18-1961-cv(XAP)

FIREMAN'S FUND INSURANCE COMPANY,

*Defendant-Appellee-Cross-Appellant*.

------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT-CROSS-APPELLEE: | DAVID KAREL, Wilkofsky, Friedman, Karel & Cummins, New York, NY |

FOR DEFENDANT-APPELLEE-CROSS-APPELLANT:      JAY WEINTRAUB, Lewis Brisbois Bisgaard & Smith LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff 1070 Park Avenue Corporation (1070 Park), a residential cooperative apartment building on the upper east side of Manhattan, appeals from a judgment of the District Court (McMahon, C.J.) granting summary judgment in favor of 1070 Park's "all risks" insurer, the Fireman's Fund Insurance Company (FFIC).   FFIC cross-appeals from the District Court's judgment in the alternative conditionally granting in part 1070 Park's motion for summary judgment.   After a gas line in the apartment building was ruptured allegedly by a recycling bin with wheels used by residents to discard electronics (or "e-cycle bin"), 1070 Park sought reimbursement under its insurance policy with FFIC for costs incurred in connection with the restoration of gas service. FFIC disclaimed coverage under the policy.   We assume the parties' familiarity

2

with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1070 Park claimed that the building's gas line was ruptured by the e-cycle bin and that gas had to be turned off as a result. The gas system was required by law to pass an integrity test before it could be turned back on. The parties agree that FFIC's "all risks" insurance policy does not cover "costs associated . . . with the enforcement of any law or ordinance that requires the testing of a gas system for integrity." App'x 1014. That exclusion does not apply, however, if the testing was required by "a direct loss causing physical damage to Covered Property from Fire; Lightning; Explosion; <u>Aircraft or Vehicles</u>; Riot or Civil Commotion; Sinkhole Collapse; Volcanic Action; Falling Objects; Weight of Snow, Ice or Sleet." App'x 1014 (emphasis added).

1070 Park argues that the policy exclusion does not apply because the wheeled e-cycle bin is a "vehicle," a term undefined in the policy itself. We agree with the District Court that the word "vehicle" in the context of the insurance policy here clearly does not include the e-cycle bin. Under New York law, which governs the policy, "[i]nsurance contracts must be interpreted

according to common speech and consistent with the reasonable expectations of the average insured." Cragg v. Allstate Indem. Corp., 17 N.Y.3d 118, 122 (2011). Not everything with wheels is a "vehicle" as that word is commonly understood. Thus, the average insured entering a contract would not reasonably expect that an exemption that refers to "aircraft or vehicles" covers a recycling bin. To the contrary, "vehicle" plainly focuses on transportation or conveyance. See, e.g., *Vehicle*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("An instrument of transportation or conveyance"); *Vehicle*, THE AMERICAN HERITAGE DICTIONARY (5th ed. 2019) ("A device or structure for transporting persons or things"). The e-cycle bin's primary purpose is to store electronics pending trash collection, see App'x 727, 846 (official municipal brochures referring to "storage bins"), even though the wheels on the bin help with moving it to the dump truck, see Maurice Goldman & Sons v. Hanover Ins. Co., 80 N.Y.2d 986, 987 (1992) (courts should not strain to "superimpose an unnatural or unreasonable construction" on a term); Berlin v. Renaissance Rental Partners, LLC, 723 F.3d 119, 131 (2d Cir. 2013).

We also agree with the District Court that interpreting the term "vehicles" within the context of the words used in the relevant exclusion precludes treating the e-cycle bin as a vehicle under the policy.   Bransten v. State, 30 N.Y.3d 434, 446–47 (2017).   By referring to "Aircraft or Vehicles," the policy clearly contemplates objects that transport people or goods, and especially those that can reasonably be expected to cause massive loss.   See Gustafson v. Alloyd Co., 513 U.S. 561, 575 (1995); Harris v. Allstate Ins. Co., 309 N.Y. 72, 76 (1955).

Because we agree with the District Court that the e-cycle bin is not a "vehicle" under the policy and that the gas systems exclusion therefore applies, we also agree that FFIC was entitled to summary judgment.   For that reason, we dismiss FFIC's cross-appeal as moot.

We have considered 1070 Park's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED, and FFIC's cross-appeal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5