23-7309
*Jackling v. Brighthouse Life Insurance Company*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> RICHARD C. WESLEY,
> *Circuit Judge,*
> ELIZABETH A. WOLFORD,
> *District Judge.*[*]

_____

CHIRSTOPHER JACKLING, AS EXECUTOR OF THE ESTATE OF WILLIAM T. JACKLING,

> *Plaintiff-Appellant*,

v.                                                      23-7309

BRIGHTHOUSE LIFE INSURANCE COMPANY,

> *Defendant-Appellee,*

TRAVELERS, METLIFE, GENWORTH, BRIGHTHOUSE FINANCIAL,

> *Defendants.*

_____

[*] Judge Elizabeth A. Wolford, of the United States District Court for the Western District of New York, sitting by designation.

1

|                         |                                                                                                 |
|-------------------------|-------------------------------------------------------------------------------------------------|
| For Plaintiff-Appellant: | KAREN KING, Emma Maynard, Morvillo Abramowitz Grand Iason & Anello P.C., New York, NY |
| For Defendant-Appellee: | JEFFREY LLOYD KINGSLEY, Jonathan Schapp, Goldberg Segalla LLP, Buffalo, NY |

Appeal from a judgment of the United States District Court for the Western District of New York (Pederson, *M.J.*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant William T. Jackling ("Jackling") appeals from a decision and order of the United States District Court for the Western District of New York (Pederson, *M.J.*), entered on September 6, 2023, granting Appellee Brighthouse Life Insurance Company's ("Brighthouse") motion for summary judgment. This is one in a series of disputes over two insurance policies issued by Brighthouse to Jackling and his late wife. Following the denial of several claims filed by the Jacklings under each of their own individual insurance policies, Jackling filed two lawsuits. The first was filed by Jackling in his capacity as the executor of his wife's estate. *See Jackling v. Brighthouse Life Ins. Co.*, No. 20-C-6899-MJP, 2022 WL 2669924 (W.D.N.Y. July 10, 2022) (hereinafter *Estate of Jackling*). The second, at issue here, was filed *pro se* on behalf of himself. Summary judgment was granted in *Estate of Jackling* and affirmed by this Court. No. 22-1703, 2024 WL 4100518 (2d Cir. Sept. 6, 2024). On September 6, 2023, the district court granted summary judgment in this case.

On appeal, Jackling argues: (1) that as a *pro se* litigant before the district court, he was not

---

[1] The parties consented to have the case heard by a magistrate judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

provided notice or otherwise aware of the "nature and consequences" of summary judgment, as required by *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 617 (2d Cir. 1999); (2) that the district court erred in concluding that collateral estoppel bars his present claims; and (3) that the court erred in determining, in the alternative, that Jackling's life insurance policy does not provide coverage for household services performed by unlicensed home health aides.

We agree with the district court's alternative conclusion that Jackling's policy does not cover unlicensed or uncertified home health aides. As a result, we need not decide the notice or collateral-estoppel issues, as they would not change the disposition of this case.[2]

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we set forth here only as necessary to explain our decision to **AFFIRM**.

\* \* \*

Because this is a question of contract interpretation, we begin with the "clear language of the contract." *Vill. of Sylvan Beach v. Travelers Indem. Co.*, 55 F.3d 114, 115 (2d Cir. 1995). "Unless otherwise indicated, words should be given the meanings ordinarily ascribed to them and absurd results should be avoided." *Newmont Mines Ltd. v. Hanover Ins. Co.*, 784 F.2d 127, 135 (2d Cir. 1986). "However, if the policy language [in an insurance contract] is ambiguous, particularly the language of an exclusion provision, the ambiguity must be interpreted in favor of the insured." *Sylvan Beach*, 55 F.3d at 115. "Whether the language of an insurance policy is

---

[2] We note, however, that contrary to the district court's conclusion, it is hardly clear that Jackling was "aware of the nature and consequences of a summary judgment motion." *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 617 (2d Cir. 1999); *see* Reply Memorandum of Law in Further Support of Defendant Brighthouse Life Insurance Company's Motion for Summary Judgment at 2, *Jackling v. Brighthouse Life Ins. Co.*, No. 20-cv-6995 (W.D.N.Y. July 14, 2023), Dkt. No. 74. (listing the many procedural and substantive defects in Jackling's summary judgment motion).

ambiguous is a question of law, which we review de novo." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 201 (2d Cir. 2010).

Operative here are two provisions of the insurance contract's home health care reimbursement provision. The first provides as follows:

"Home Health Care Services include any one of the following: . . .

7. Services of a licensed home health care agency, if licensing is required by the state, to provide:

a) Home health aide services (including services of a home health aide, where Human Assistance is required to aid You in necessary travel, such as travel to and from a physician's office); or

b) Home hospice services; or

c) Homemaker services, including meal preparation, personal laundry services, light housekeeping and grocery shopping, provided that these services are prescribed in Your written Plan of care and are performed by any of the individuals described above. Such services must be performed during the same visit in which the individual is primarily providing custodial/personal care. Services described in Items #7a, b or c are considered to be one service."

The second provision, which immediately follows the first and is also a part of subsection 7 reads:

"Services of a licensed or certified home health aide who does not report through a licensed or certified home health agency will be covered as long as the following conditions are met:

1) You must utilize the Care Coordination Benefit as described in Your policy; and

2) The Licensed Health Care Practitioner develops a written Plan of care certifying the need for care, and arranges for and approves the necessary services of a certified home health aide."

App'x at 27.

Jackling urges that a plain reading of these provisions demonstrates that he was not required to use certified aides to obtain reimbursement for home health services. We disagree.

To reach his conclusion, Jackling initially urges that the first provision in subsection 7 only

4

requires licensing for home health care *agencies* in order to afford coverage "*if licensing is required by the state.*" *Id.* (emphasis added). Next, he further claims that the clause in the first provision extends as well to the second, so that the policy not only provides coverage for the "[s]ervices of a licensed or certified home health aide who does not report through a licensed or certified home health agency," but also extends coverage to *unlicensed* aides who provide home health aide, home hospice, or homemaker services. *Id.* This argument is unavailing.

The language on which Jackling relies merely provides two different ways an aide can perform reimbursable work. First, in states that have required agency licensing regimes, they can report through a licensed home health care agency. Second, in states without a home health care agency licensing regime, the aides themselves must be licensed or certified. This reading comports both with the plain text and with the preceding six subsections, each of which requires a licensed service provider, such as a "licensed nurse," a "licensed physical therapist," or a "licensed occupational therapist." *Id*. Accordingly, we agree with the district court's determination that "the Policy language requires certified aides." Special App'x at 15. The district court properly granted Brighthouse's motion for summary judgment.

\*     \*     \*

We have considered Jackling's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk